2012 ND 168

**In the Matter of the ADOPTION OF S.E., a minor child.**

**J.R. and S.R., Petitioners and Appellants**

v.

**The Executive Director, North Dakota Department of Human Services, Cass County Social Services, and S.L. and S.L., Respondents**

**The Executive Director, North Dakota Department of Human Services, Appellee.**

No. 20120161.

Supreme Court of North Dakota.

Aug. 16, 2012.

Tracy J. Lyson, Fargo, N.D., for petitioners and appellants.

Jeanne M. Steiner, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for appellee.

MARING, Justice.

[¶ 1] J.R. and S.R. appeal from the trial court's order dismissing their petition to adopt S.E. We conclude the trial court erred by dismissing J.R. and S.R.'s petition for adoption, and we reverse and remand for the trial court to hold a hearing under N.D.C.C. § 14–15–11.

I

[¶ 2] S.E. was born in April 2009 and, on May 17, 2010, was placed in the care of S.R., S.E.'s grandmother, and J.R., S.R.'s husband. On July 14, 2011, S.E.'s biological parents voluntarily terminated their parental rights to S.E. Following the termination of the biological parents' parental rights, S.E. was placed in the custody of the Executive Director of the Department of Human Services ("Department") and a permanency goal of adoption was established. Two couples, S.R. and J.R., and S.L., S.E.'s biological father's cousin, and her husband, expressed an interest in adopting S.E. Prior to either pair of potential adoptive parents submitting petitions for adoption, the Department contracted

with Adults Adopting Special Kids to conduct adoption investigations of both couples. The investigation reports and recommendations are not part of the record.

[¶ 3] On November 29, 2011, J.R. and S.R. petitioned to adopt S.E. and requested expedited determination of interim placement. J.R. and S.R.'s petition mistakenly alleged S.E. was in the custody of Cass County Social Services ("Cass County"), rather than in the custody of the Department. The Department ultimately was served and received notice of the petition to adopt S.E. On December 1, 2011, Cass County responded, requesting the trial court dismiss the petition. Cass County primarily argued it had not been properly served and it was not S.E.'s guardian. On December 9, 2011, the Department filed an objection and moved to dismiss the petition. The Department argued J.R. and S.R. failed to comply with statutory requirements by naming Cass County as S.E.'s guardian rather than the Department; the Department's consent was required and its refusal to give its consent was reasonable; J.R. and S.R. lacked standing to adopt S.E.; and J.R. and S.R. lacked standing to contest S.E.'s placement. On January 13, 2012, the trial court, after considering the parties' briefs, concluded J.R. and S.R. had standing to petition for adoption but had not satisfied the statutory requirements of a petition for adoption because they had not properly sought the Department's written consent to adopt S.E. or shown that the Department was unreasonably withholding its consent. The trial court dismissed the petition for adoption and entered its order on January 17, 2012.

[¶ 4] On February 7, 2012, J.R. and S.R. moved for reconsideration claiming an email was sent to the Department on November 30, 2011, seeking the Department's written consent. In its February 8, 2012,

response, the Department acknowledged receipt of an email requesting its consent to allow J.R. and S.R. to adopt S.E. The trial court considered J.R. and S.R.'s motion for reconsideration and concluded the Department declined to consent to the request and the Department's decision to withhold its consent was reasonable. On March 16, 2012, J.R. and S.R. appealed the trial court's Order Dismissing Petition to Adopt and Denying Request for Interim Placement to this Court. On appeal, J.R. and S.R. argue there was insufficient evidence presented to the trial court for it to conclude the Department's decision to withhold its consent for J.R. and S.R. to adopt S.E. was reasonable. Further, the trial court should have conducted a hearing under N.D.C.C. § 14–15–11 on J.R. and S.R.'s petition for adoption to determine whether the Department's decision to withhold its consent was reasonable and whether J.R. and S.R.'s petition for adoption should be granted.

[¶ 5] The oral argument on appeal before this Court was scheduled for June 27, 2012. On June 26, 2012, the Department moved to dismiss the appeal, arguing the issue had become moot because S.E. had been adopted and was no longer in the Department's custody. J.R. and S.R. submitted their brief opposing the Department's motion to dismiss on July 16, 2012. J.R. and S.R. argued the Department failed to present any competent, admissible evidence demonstrating S.E. had been adopted. J.R. and S.R. also argued the trial court lacked jurisdiction over S.E. while the appeal was pending before this Court; this Court has the ability to render effective relief; and, even if this Court determines the issue is moot, the Court should still consider the issue because it involves a matter of public interest, a public official, and is capable of repetition without review.

## II

[¶ 6] As a preliminary matter, the first issue we must address is whether this appeal has been mooted by the alleged adoption of S.E.

[¶ 7] The law is clear that our courts do not give advisory opinions, and "an appeal will be dismissed if the issues become moot or academic so no actual controversy is left to be determined." *Ashley Educ. Ass'n v. Ashley Pub. Sch. Dist., No. 9,* 556 N.W.2d 666, 668 (N.D. 1996). "An appeal is moot when, due to the lapse of time or the occurrence of an event prior to the appellate court's determination, the appellate court is unable to render effective relief." *Id.* However, a moot issue may still be addressed "if the controversy is one of great public interest and involves the authority and power of public officials or if the matter is capable of repetition, yet evading review." *Id.*

[¶ 8] In its June 26, 2012, motion to dismiss and brief in support, the Department argued this appeal has become moot due to a change in circumstances and the appeal should be dismissed. *See* N.D.R.App.P. 42(c). The Department claimed S.E. had been adopted; S.E. was no longer in the Department's custody; and J.R. and S.R.'s requested relief, remand for a hearing on the petition for adoption, could no longer be granted.

[¶ 9] "Generally, a district court loses jurisdiction when a notice of appeal is filed." *Investors Title Ins. Co. v. Herzig,* 2011 ND 7, ¶ 6, 793 N.W.2d 371. "The jurisdiction of the Supreme Court attaches upon the filing of the appeal, and generally the trial court has no further jurisdiction in the matter." *State ex rel. Heitkamp v. Family Life Servs., Inc.,* 2000 ND 166, ¶ 54, 616 N.W.2d 826. Further, "[a]n order or judgment entered by the trial court after an appeal has been filed is ordinarily void for lack of jurisdiction." *J.S.S. v. P.M.Z.,* 429 N.W.2d 425, 429 (N.D.1988) (citing *Harwood v. Harwood,* 283 N.W.2d 144, 145 (N.D.1979)).

[¶ 10] While the situation in the present appeal involves two separate cases, both involve the same child, S.E., and the best interests of that child. Both parties agreed, during oral argument, that the trial court was aware of the pending appeal in this matter. Because a trial court is largely divested of its jurisdiction with regard to a matter once an appeal is taken, and, in this case, the trial court was aware this appeal was pending concerning the adoption of S.E. and the best interests of S.E., the trial court had no authority to render judgment or order that would affect an issue properly before this Court. *See, e.g., In re Adoption of L.D.S.,* 155 P.3d 1, 7 (Okla.2006) (holding in an action in which an appeal was pending from the determination that the child was eligible for adoption, the trial court did not have jurisdiction to enter a final decree of adoption); *Mack–Manley v. Manley,* 122 Nev. 849, 138 P.3d 525, 530 (2006) (holding "the district court has no authority to rule on a post-judgment motion to modify a child custody arrangement while an appeal is pending and the custody issue is squarely before this court"). We conclude this appeal is not moot, because a trial court has no authority to enter an order or judgment that affects the merits of issues on appeal to our Court.

## III

[¶ 11] This case involves the interpretation of North Dakota's Revised Uniform Adoption Act. N.D.C.C. ch. 14–15. "Interpretation of a statute is a question of law, fully reviewable on appeal." *Wheeler v. Gardner,* 2006 ND 24, ¶ 10, 708 N.W.2d 908. When interpreting a statute, this Court seeks to ascertain the intent of the

legislature by giving the statute's language "its plain, ordinary, and commonly understood meaning." *Id.* A statute's language must be interpreted in context, and this Court attempts to give "meaning and effect to every word, phrase, and sentence." *Id.* at ¶ 11 (citing N.D.C.C. §§ 1–02–03 and 1–02–38(2)). Finally, this Court presumes "[a] just and reasonable result is intended." N.D.C.C. § 1–02–38(3).

[¶ 12]   J.R. and S.R. appealed from the trial court's January 13, 2012, Order Dismissing Petition to Adopt and Denying Request for Interim Placement.   In its order, the trial court found J.R. and S.R. erroneously named Cass County, rather than the Department, as the party whose consent to the adoption was required. Further, the trial court concluded J.R. and S.R. failed to obtain the Department's consent or demonstrate the Department's consent was properly requested and, subsequently, the Department either failed to respond within sixty days or it unreasonably withheld its consent. On appeal, J.R. and S.R. argue the trial court erred by not conducting a hearing, under N.D.C.C. § 14–15–11, on their petition for adoption to determine whether the Department's decision to withhold its consent was reasonable and whether their petition for adoption was in S.E.'s best interest.

■■■   [¶ 13]   Section   14–15–11(1)(a), N.D.C.C., provides that "[a]fter the filing of a petition to adopt a minor, the court shall fix a time and place for hearing the petition."   Under   N.D.C.C.   § 14–15–09(1)(h), a petition for adoption must state "[t]he name of any individual whose consent to the adoption is required, but who has not consented, and facts or circumstances which excuse the lack of the individual's consent normally required to the adoption."   After the parental rights of S.E.'s biological parents were terminated, S.E. was placed in the Department's custo-

dy.   Under N.D.C.C. § 14–15–05(1)(c), a petition for the adoption of a minor may only be granted if written consent has been executed by "[a]ny individual lawfully entitled to custody of the minor or empowered to consent[.]"   The Department's written consent was required because S.E. was in its custody when the petition for adoption was filed.

■■■   [¶ 14]   J.R. and S.R.'s petition for adoption incorrectly named Cass County as the entity whose consent is required in order for the adoption to proceed.   However, the Department concedes it was served with the notice on November 30, 2011, one day after the filing of the petition incorrectly designating and notifying Cass County.   The Department also concedes it received an email from J.R. and S.R. on November 30, 2011, requesting the Department's written consent to allow J.R. and S.R. to adopt S.E.

[¶ 15]   The Department was not prejudiced by J.R. and S.R.'s petition for adoption incorrectly seeking Cass County's written consent to the proposed adoption, rather than the Department's.   J.R. and S.R.'s petition for adoption was properly served on the Department one day after it was originally filed.   The Department was able to object and move to dismiss the petition, and the Department was able to exercise its ability to withhold its consent to a proposed adoption.   Dismissing the petition for adoption would improperly allow form to triumph over substance. *See* N.D.C.C. § 31–11–05(19).   J.R. and S.R. substantially complied with the requirements of N.D.C.C. § 14–15–09 and gave notice to the Department, and the Department responded it would not consent to the adoption by J.R. and S.R. Therefore, the trial court should have set a hearing on the petition at which the parties could have presented testimony and other evidence regarding the Department's decision to

withhold consent and the reasonableness of that decision. We conclude the trial court erred by dismissing the petition without holding a hearing.

## IV

[¶ 16] J.R. and S.R. did not appeal from the trial court's order denying J.R. and S.R.'s motion for reconsideration. The issues addressed by the trial court's order denying motion for reconsideration are not a part of this appeal; thus, we do not address the reasonableness of the Department's decision to withhold its consent to J.R. and S.R.'s petition for adoption.

[¶ 17] We reverse and remand for the trial court to hold a hearing under N.D.C.C. § 14–15–11.

[¶ 18] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, JJ., concur.

We concur in the result. DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.