2014 ND 25

**Lindsey BREDESON, Plaintiff and Appellee**

v.

**Kyle MACKEY, a/k/a Kyle T. Mackey, Defendant and Appellant.**

No. 20130254.

Supreme Court of North Dakota.

Feb. 13, 2014.

Rehearing Denied March 11, 2014.

R. Scott Stewart, Langdon, ND, for plaintiff and appellee; submitted on brief.

Kyle Mackey, self-represented, Jamestown, ND, for defendant and appellant; submitted on brief.

McEVERS, Justice.

[¶ 1]   Kyle Mackey appeals from a district court order denying his motion to modify parenting time and petition for non-parental visitation.  We conclude the district court did not err in finding that Kyle Mackey failed to establish a material change in circumstances justifying a modification of Kyle Mackey's parenting time. We also conclude the district court did not err in finding that exceptional circumstances did not exist justifying non-parental visitation for Amber Mackey.  We affirm.

I

[¶ 2]   Kyle Mackey and Lindsey Bredeson have one minor child together, O.B., born in 2010.  Kyle Mackey and Lindsey Bredeson were never married.  Lindsey Bredeson has exercised residential care and primary decision-making responsibility since O.B.'s birth.  Kyle Mackey is currently incarcerated in James River Correctional Center for Gross Sexual Imposition, a class AA felony, and was sentenced prior to O.B.'s birth to a term of fifteen years imprisonment with seven years suspended for five years.

[¶ 3]   On January 23, 2013, the district court granted Lindsey Bredeson complete discretion regarding Kyle Mackey's in-person parenting time at the secured facility with O.B. while he is incarcerated and as O.B. progresses.  Specifically, the court found "the child has aged and become more aware of her surroundings and that visitations at James River Correctional Center have been upsetting to the child who is now Twenty-six (26) months."  The district court required Lindsey Bredeson allow Kyle Mackey telephonic or other electronic contact with O.B. while he is incarcerated.  Kyle Mackey did not appeal the district court's initial order regarding parenting time.  Kyle Mackey married Amber Mackey on April 12, 2013.  On April 22, 2013, Kyle Mackey moved to modify parenting time claiming Lindsey Bredeson had denied him all visitation for the months of January, February, March, April, and May. On May 17, 2013, Kyle Mackey petitioned for non-parental visitation requesting visitation for Amber Mackey alleging a psychological bond between Amber Mackey and O.B. Lindsey Bredeson married Kraig Gellner on May 18, 2013.  On June 27, 2013, the district court denied Kyle Mackey's motion to modify parenting time and petition for non-parental visitation.  The district court found Kyle Mackey had not established a material change of circumstances occurred since the court's prior visitation order issued a few months earlier.  The district court also found exceptional circumstances did not

exist justifying non-parental visitation as Amber Mackey did not have a long standing relationship with O.B. Kyle Mackey appeals.

## II

[¶ 4] Kyle Mackey argues the district court clearly erred in finding (1) he had failed to establish a material change of circumstances to grant his motion to modify parenting time; and (2) no exceptional circumstances existed to support granting his petition for non-parental visitation as Amber Mackey did not have a long standing relationship with O.B.

[¶ 5] A district court's decision regarding parenting time, *Seibold v. Leverington*, 2013 ND 173, ¶ 19, 837 N.W.2d 342, and non-parental visitation, *McAllister v. McAllister*, 2010 ND 40, ¶ 13, 779 N.W.2d 652, is a finding of fact and subject to the clearly erroneous standard of review. "A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made." *Seibold*, at ¶ 12.

### A. Modification of Parenting Time

[¶ 6] After an initial award of primary residential responsibility is made, awards of parenting time are governed by N.D.C.C. § 14–05–22(2). *Simburger v. Simburger*, 2005 ND 139, ¶ 13, 701 N.W.2d 880. Under N.D.C.C. § 14–05–22(2), the district court shall "grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health." Modification of parenting time proceedings are governed by a standard

established through case law. *Dufner v. Trottier*, 2010 ND 31, ¶ 13, 778 N.W.2d 586. "The moving party bears the burden of establishing that a significant change of circumstances has occurred since the prior visitation order and that it is in the best interests of the child to modify the order." *Simburger*, at ¶ 13. A material change of circumstances means important new facts that were unknown at the time of a prior visitation order. *Dufner*, at ¶ 7. The remarriage of a parent may constitute a material change of circumstances. *See Siewert v. Siewert*, 2008 ND 221, ¶ 18, 758 N.W.2d 691 (holding the district court did not err in finding a significant and material change of circumstances existed to modify visitation when noncustodial parent's new spouse caused increased conflict between the custodial and noncustodial parent and the increased conflict impacted the children).

[¶ 7] Kyle Mackey argues the district court clearly erred in determining he had failed to establish a material change of circumstances has occurred since its prior visitation order. He asserts Lindsey Bredeson's withholding of his visitation with O.B., her attempts to alienate O.B.'s affection for him, and the marriages of both parties is a material change of circumstances and a modification of his parenting time is in the best interest of O.B.

[¶ 8] Kyle Mackey, Lindsey Bredeson, and Amber Mackey all submitted multiple affidavits to the district court. Kyle Mackey and Amber Mackey claimed Lindsey Bredeson frustrated Kyle Mackey's visitation with O.B. Kyle Mackey claimed Lindsey Bredeson denied all visitation for the months of January, February, March, April, and May. He also claimed Lindsey Bredeson attempted to alienate O.B.'s affection for him by withholding his visitation with O.B. and allowing O.B. to call him by his name. Lindsey Bredeson claimed

the visitation at the James River Correctional Center is not appropriate for O.B., but she would re-evaluate at a June 2013 visit based on O.B.'s response to the visit. Lindsey Bredeson claimed she sent Kyle Mackey 17 video gram messages, answered every call from Kyle Mackey, except one, and did not interfere with Kyle Mackey's parents' visitation with O.B. There is conflicting information offered by Kyle Mackey and Lindsey Bredeson in their affidavits regarding why O.B. was not present at the April 12, 2013, wedding of Kyle Mackey and Amber Mackey.

[¶ 9] In regard to Kyle Mackey's argument on frustration of visitation, the record shows that Lindsey Bredeson was exercising her discretion rather than frustrating Kyle Mackey's visitation or attempting to alienate O.B.'s affections for him. The marriages of Kyle Mackey to Amber Mackey and Lindsey Bredeson to Kraig Gellner constituted a change of circumstances but not one that was material in regard to visitation. While the marriages of both Kyle Mackey and Lindsey Bredeson were not known at the January 23, 2013, hearing, no evidence was presented by Kyle Mackey regarding the impact of the marriages on O.B. The district court's finding that Kyle Mackey failed to establish a material change of circumstances and denial of his motion to modify parenting time is not induced by an erroneous view of the law and is supported by the record.

### B. Petition for Non–Parental Parenting Time

[¶ 10] "It is well-settled that parents have a paramount and constitutional right to the custody and companionship of their children superior to that of any other person." *Hamers v. Guttormson*, 2000 ND 93, ¶ 5, 610 N.W.2d 758. A parent's right is not absolute and exceptional circumstances may exist that require, for the best interest of the child, that a non-parent receive visitation or custody. *Id.*

[¶ 11] Grandparents and great-grandparents may be granted visitation rights if the visitation is in the best interest of the child. N.D.C.C. § 14–09–05.1(1). Districts courts are to consider the amount of contact between the child and the grandparents or great-grandparents, as well as the child's parents, when making a determination regarding visitation. N.D.C.C. § 14–09–05.1(2). "The rationale for awarding custody to the grandparents is the existence of exceptional circumstances which will further the best interests of the child. It is appropriate to extend the application of that same rationale to the award to visitation to a non-parent." *Quirk v. Swanson*, 368 N.W.2d 557, 560 (N.D.1985) (internal citations omitted). Visitation is only awarded to a non-parent if exceptional circumstances exist and it is in the best interest of the child. *Id.* An appropriate award of visitation to a non-parent may exist when the non-parent is a psychological parent, *McAllister*, 2010 ND 40, ¶ 15, 779 N.W.2d 652, or when the non-parent has an established relationship with the child. *Quirk*, at 560. We have described a psychological parent as: "A person who provides a child's daily care and who, thereby, develops a close bond and personal relationship with the child becomes the psychological parent to whom the child turns for love, guidance, and security." *McAllister*, at ¶ 15. This Court has awarded visitation to stepparents and recognized the relationship between stepparents and stepchildren. *McAllister*, at ¶ 16 (holding stepfather was the child's psychological parent); *Edwards v. Edwards*, 2010 ND 2, ¶ 10, 777 N.W.2d 606 (holding stepfather was the only father the child had ever known and had been

the child's father, in every sense of the word).

 [¶ 12] Kyle Mackey petitioned the district court to grant Amber Mackey non-parental visitation. He argued his incarceration is an exceptional circumstance and Amber Mackey's visitation is needed to ensure visitation between Kyle Mackey and O.B., which is in the best interest of O.B. Kyle Mackey also claimed that Amber Mackey had spent one day a month with O.B. over the previous fourteen months and, during that time, Amber Mackey and O.B. had developed a psychological bond. Lindsey Bredeson disputes that O.B. has formed a psychological bond with Amber Mackey. The short amount of time Amber Mackey has spent with O.B., standing alone, is not sufficient to show O.B. has formed such a close bond with her in order to consider Amber Mackey a psychological parent. *See McAllister*, at ¶ 15. Under North Dakota case law, exceptional circumstances justifying non-parental visitation is based on the relationship between the non-parent and the child, which creates a situation where visitation is in the best interest of the child. *See McAllister*, 2010 ND 40, 779 N.W.2d 652; *Edwards*, 2010 ND 2, 777 N.W.2d 606. Kyle Mackey's incarceration, and his wish to have his new spouse facilitate his visitation, does not create exceptional circumstances to justify non-parental visitation. The district court's finding that no exceptional circumstances existed as Amber Mackey had no long standing relationship with O.B. is supported by the evidence in this record and, therefore, is not clearly erroneous. The district court's denial of Kyle Mackey's petition for non-parental visitation is not induced by an erroneous view of the law and is supported by the record.

## III

[¶ 13] The district court did not clearly err in finding Kyle Mackey failed to establish a material change in circumstances since the court's initial award to justify a modification of Kyle Mackey's parenting time and no exceptional circumstances existed to justify non-parental visitation for Amber Mackey. We have considered the remaining issues raised by the parties and find they are either unnecessary to our decision or are without merit. Therefore, we affirm the district court's order.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.