2016 ND 105

**Kayla RATH, Plaintiff,**

**v.**

**Mark RATH, Defendant and Appellant.**

No. 20150336.

Supreme Court of North Dakota.

June 2, 2016.

Rehearing Denied July 11, 2016.

Mark Rath (on brief), self-represented, Bismarck, ND, defendant and appellant.

Kayla Rath, plaintiff; no appearance.

KAPSNER, Justice.

[¶ 1]  Mark Rath appeals from a district court order denying his motion for an order to show cause and denying his motion for relief.  We affirm.

I

[¶ 2]  Mark Rath and Kayla Rath were divorced in January 2013.  Kayla Rath was awarded primary residential responsibility of the couple's children.  Mark Rath was awarded supervised parenting time.  The divorce judgment permits Mark Rath to call the children each Monday and every other Friday and Sunday between 7:00 p.m. and 8:00 p.m. This Court has decided various appeals in this case.  *See Rath v. Rath*, 2016 ND 46, 876 N.W.2d 474 (affirming orders denying motion for order to show cause, motion to modify judgment, and motion for recusal); *Rath v. Rath*, 2015 ND 22, 861 N.W.2d 172 (summarily affirming district court's denial of Mark Rath's motion to vacate the judgment and grant relief); *Rath v. Rath*, 2014 ND 171, 852 N.W.2d 377 (affirming order denying motion to hold Kayla Rath in contempt; reversing district court's amendment to judgment on due process and notice grounds); *Rath v. Rath*, 2013 ND 243, 840 N.W.2d 656 (affirming order denying motion to hold Kayla Rath in contempt and denial of request for district court judge to recuse himself).

[¶ 3]  In the present action, Mark Rath has filed a motion for an order to show cause and a motion for relief from the original divorce judgment.  He argued both motions in one brief.  In support of his motions, Mark Rath asserted Kayla Rath violated his due process and First Amendment rights by monitoring his phone calls with the children.  He also argued Kayla Rath violated the terms of the divorce judgment by making the children unavailable for scheduled calls, end-ing calls prematurely, and refusing to allow one of the children to accept a cell phone he sent as a gift.  Last, Mark Rath asserted the district court judge presiding over his case has failed to remain impartial and must recuse himself.

[¶ 4]  The district court denied both of Mark Rath's motions in one order.  The court found Mark Rath's motions were repetitive and without merit.  The court warned: "the most recent Motions by Mark are frivolous under the language of N.D.R.Civ.P. Rule 11.  While [the court] does not sanction Mark at this time, Defendant Mark Rath is expressly advised that this Court will sanction a continued clear pattern of frivolous repetitive litigation."  Mark Rath appealed.

II

[¶ 5]  We treat motions for relief the same as a motion for reconsideration.  *Greywind v. State*, 2015 ND 231, ¶ 11, 869 N.W.2d 746.  A district court's denial of a motion for reconsideration will not be reversed "absent a manifest abuse of discretion."  *Waslaski v. State*, 2013 ND 70, ¶ 10, 830 N.W.2d 228.  "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination."  *Riak v. State*, 2015 ND 120, ¶ 14, 863 N.W.2d 894.

A

[¶ 6]  Mark Rath argues the district court erred when it found his motion frivolous.  Although the court refrained from levying sanctions against him, it warned that if Mark Rath continues to file similar motions, it would sanction him in the future.

The district court has authority to stem abuses of the judicial process,

which comes not only from applicable rules and statutes, such as *N.D.R.Civ.P. 11*, but "from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice." *Federal Land Bank v. Ziebarth*, 520 N.W.2d 51, 58 (N.D.1994). A district court has discretion under N.D.C.C. § 28–26–01(2) to decide whether a claim is frivolous and the amount and reasonableness of an award of attorney fees, but when the court decides a claim is frivolous, the court must award attorney fees. *See Strand v. Cass Cnty.*, 2008 ND 149, ¶¶ 12–13, 753 N.W.2d 872. "A claim for relief is frivolous under N.D.C.C. § 28–26–01(2) only if there is such a complete absence of actual facts or law a reasonable person could not have expected a court would render a judgment in that person's favor." *Estate of Dion*, 2001 ND 53, ¶ 46, 623 N.W.2d 720.

*Estate of Pedro v. Scheeler*, 2014 ND 237, ¶ 14, 856 N.W.2d 775.

■ [¶ 7] In its order, the district court advised Mark Rath of the consequences for filing frivolous litigation:

The Court further concludes that the most recent Motions by Mark are frivolous under the language of N.D.R.Civ.P. Rule 11. While it does not sanction Mark at this time, Defendant Mark Rath is expressly advised that this Court will sanction a continued clear pattern of frivolous repetitive litigation. Mark is advised to review the language of *Holkesvig v. Grove*, 2014 ND 57, ¶¶ 17–21, 844 N.W.2d 557.

Mark Rath argues the court's statement—that his motion was frivolous—was error. The divorce judgment states each child has the right "to receive mail and gifts from each parent without obstruction or interference by the other." The judgment

clearly states this is a right of the child, not a right of the parent. Given the history of repetitive litigation in this case, we cannot say the district court's advisement was unfounded. The court did not sanction Mark Rath; we conclude its warning does not constitute reversible error.

### B

[¶ 8] Mark Rath argues the district court erred when it found his allegations, taken as true, would not warrant a contempt finding.

■ [¶ 9] We will not disturb a district court's contempt determination unless the court has abused its discretion. *Bjorgen v. Kinsey*, 491 N.W.2d 389, 395 (N.D. 1992). "[W]hen an act punishable as contempt is not committed in the immediate view and presence of the court, the court, upon being satisfied of the commission of the offense, may ... [o]rder the accused to show cause at a specified time and place why the accused should not be punished...." N.D.C.C. § 27–10–07.

A party seeking a contempt sanction under N.D.C.C. ch. 27–10 must clearly and satisfactorily prove the alleged contempt was committed. Under N.D.C.C. § 27–10–01.1(1)(c), contempt of court includes intentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer. To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order.

*Rath*, 2014 ND 171, ¶ 6, 852 N.W.2d 377 (citations omitted) (quoting *Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378).

■ [¶ 10] Mark Rath asserts Kayla Rath should be held in contempt because she prohibited one of the children from receiving a cell phone he sent as a gift. As we recognized above, a parent's

interference with gifts given to a child by the other parent may constitute a violation of the right of a child under the divorce judgment. Under the terms of the judgment, "[e]ach parent is authorized to make decisions regarding the day-to-day care and control of the children while the children are with that parent." There is a suggestion on the record that Kayla Rath attempted to return the cell phone through her attorney. There is no evidence in the record that the child was aware of, or is asserting a violation of, the child's rights under the judgment. However, the district court is not required to order contempt proceedings every time the terms of a judgment may have been violated:

> This is especially true in domestic relations cases, because granting contempt motions for every single possible technical violation of court orders would do nothing to further the best interests of children, but would simply increase the animosity between the parties and discourage them from cooperating to resolve disputes by themselves. The contempt statutes are not intended to attempt to regulate and adjudicate every loss of temper, angry word, or quarrel between persons connected by a familial relationship.

*Rath*, 2013 ND 243, ¶ 11, 840 N.W.2d 656 (citations omitted).

[¶ 11] Whether a minor child is mature enough to possess a cell phone is an issue that implicates parental judgment and decision-making. Mark Rath should not have attempted to send a cell phone to the child when he knew it was against Kayla Rath's wishes. From the record, it appears she refused to even discuss the issue with Mark Rath. Neither party is faultless; both parties could have acted in a more appropriate manner. The difficulty Mark Rath has in conducting telephone conversations with his children had been the subject of previous appeals before this Court prior to the time the order on appeal was issued. *See, e.g., Rath,* 2014 ND 171, 852 N.W.2d 377; *Rath,* 2013 ND 243, 840 N.W.2d 656. The district court judge also noted that Mark Rath had two separate appeals pending before this Court at that time. We conclude the district court did not abuse its discretion when it refrained from conducting contempt proceedings.

C

[¶ 12] Mark Rath asserts the district court judge is biased against him and must recuse himself from the case.

> The rules of judicial conduct provide that a judge is required to avoid impropriety and the appearance of impropriety in all the judge's activities. *Farm Credit Bank v. Brakke,* 512 N.W.2d 718, 720 (N.D.1994). The law presumes a judge is unbiased and not prejudiced. *Id.* (citation omitted). We have said a ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification. *Id.* The test for the appearance of impartiality is one of reasonableness and recusal is not required in response to spurious or vague charges of impartiality. *Id.* at 721.

*Rath,* 2013 ND 243, ¶ 14, 840 N.W.2d 656 (quoting *Woodward v. Woodward,* 2010 ND 143, ¶ 9, 785 N.W.2d 902). "An erroneous opinion as to the merits of the case or the law relating to the proceedings is not evidence of bias." *Datz v. Dosch,* 2014 ND 102, ¶ 17, 846 N.W.2d 724 (citing *Ireland's Lumber Yard v. Progressive Contractors, Inc.,* 122 N.W.2d 554, 562 (N.D. 1963)).

[¶ 13] Mark Rath argues the district court judge has consistently and erroneously ruled against him. He contends this demonstrates bias and a disre-

gard for his rights. Adverse or erroneous rulings do not, by themselves, demonstrate bias. Rather, for recusal to be warranted, a judge must be partial or there must be some external influence that creates an appearance of impropriety. The law presumes judges are unbiased. *Brakke*, 512 N.W.2d at 720. Mark Rath has not alleged facts that indicate the district court judge is biased; nor has he alleged facts to show some external influence creates the appearance of impartiality. "Recusal is not required in response to vague charges of impartiality." *Datz*, 2014 ND 102, ¶ 18, 846 N.W.2d 724. We conclude recusal in this case is unwarranted.

### III

[¶ 14] We have considered Mark Rath's other arguments and conclude they are without merit. We affirm the district court's order denying Mark Rath's motion for an order to show cause and denying his motion for relief.

[¶ 15] GERALD W. VANDE WALLE, C.J., GARY H. LEE, Dist. Judge, LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

[¶ 16] The Honorable GARY H. LEE, D.J., sitting in place of SANDSTROM, J., disqualified.