2017 ND 80

**Kayla RATH, Petitioner**

v.

**Mark Allen RATH, Respondent and Appellant**

**No. 20160169**

Supreme Court of North Dakota.

Filed 4/5/2017

Rehearing Denied May 3, 2017

Kayla Rath, petitioner, no appearance.

Mark A. Rath, self-represented, 1021 W. Saint Benedict Dr., Bismarck, ND 58501, respondent and appellant.

VandeWalle, Chief Justice.

[¶ 1] Mark Rath appealed the district court's order granting Kayla Rath a disorderly conduct restraining order and the district court's order denying his motion for reconsideration. On appeal, Mark Rath argues the district court erred in finding Kayla Rath met her burden of proving the element of intent and in finding that his actions were not constitutionally protected. He also argues the district court lacked jurisdiction when it issued its order. Because the district court did not abuse its discretion in issuing its order granting the disorderly conduct restraining order and had jurisdiction at the time it denied Mark Rath's motion for reconsideration, we affirm.

### I.

[¶ 2] This appeal represents the latest opinion in the dispute between Mark Rath and Kayla Rath. See Rath v. Rath, 2016 ND 105, 879 N.W.2d 735; Rath v. Rath, 2016 ND 83, 878 N.W.2d 85; Rath v. Rath, 2016 ND 71, 877 N.W.2d 298; Rath v. Rath, 2016 ND 46, 876 N.W.2d 474; Rath v. Rath, 2015 ND 22, 861 N.W.2d 172; Rath v. Rath, 2014 ND 171, 852 N.W.2d 377; Rath v. Rath, 2013 ND 243, 840 N.W.2d 656; and two pending cases: Rath v. Rath, No. 20160222 and Rath v. Rath, No. 20160338.

[¶ 3] On April 17, 2015, Kayla Rath petitioned for a disorderly conduct restraining order against Mark Rath, citing a compilation of conduct purportedly rising to the level of disorderly conduct. These allegations include: Mark Rath called his children nearly twenty times in one night, Mark Rath using foul language toward Kayla Rath, Mark Rath said he had an "outlaw business associate" look into Kayla Rath's phone records, Mark Rath reported Kayla Rath to authorities out of concern she may be illegally receiving government benefits, and a variety of other conduct.

[¶ 4] The district court held a hearing on the petition. At the hearing, the district court asked Kayla Rath, under oath, if the information and allegations contained in her petition and accompanying affidavit were correct. She answered in the affirmative and offered no other evidence or testimony in support of her petition at the hearing. Mark Rath was not able to cross-examine Kayla Rath; instead, the district court restricted him to submitting questions for the court to ask Kayla Rath. The district court granted Kayla Rath's request for a permanent restraining order.

[¶ 5] Mark Rath appealed, arguing, among other things, that he was not given a full hearing and the district court failed to rule on his claims that his actions were protected by the constitution, specifically his freedom of speech and right to parent. We reversed and remanded the case to the district court with instructions to rule on Mark Rath's constitutional claims and to allow him the opportunity to cross-examine Kayla Rath or, in the alternative, specifically state its reasoning for denying cross-examination and provide Mark Rath with an adequate opportunity to identify his

questions. Rath v. Rath, 2016 ND 71, 877 N.W.2d 298.

[¶ 6] We issued our opinion on March 28, 2016. On April 8, the district court held a hearing where Mark Rath was able to cross-examine Kayla Rath and make his constitutional claims. The district court issued its order on April 8, again granting the disorderly conduct restraining order. Five days later, Mark Rath moved the district court to reconsider its order. On April 19, this Court issued its mandate. Mark Rath filed an appeal on May 4, and on May 20, we remanded jurisdiction to the district court because Mark Rath's motion for reconsideration was still pending before it. The district court denied the motion on May 31. On June 10, Mark Rath filed an amended notice of appeal, arguing the district court abused its discretion in denying his motion for reconsideration.

[¶ 7] In this appeal, Mark Rath argues the district court abused its discretion in denying his motion for reconsideration because: (1) Kayla Rath failed to prove the element of intent and (2) his actions were constitutionally protected. Additionally, Mark Rath argues the district court lacked jurisdiction to issue its order on April 11, 2016.

## II.

[¶ 8] As to Mark Rath's first two arguments, because the district court did not abuse its discretion in denying Mark Rath's motion for reconsideration, we summarily affirm under N.D.R.App.P. 35.1(a)(4). See Amerada Hess Corp. v. Furlong Oil and Minerals Co., 348 N.W.2d 913, 919 (N.D. 1984) (intent can be proven by circumstantial evidence); State v. Holbach, 2009 ND 37, ¶ 16, 763 N.W.2d 761 (citing State v. Adgerson, 2003 MT 284, ¶ 29, 318 Mont. 22, 78 P.3d 850 ("threats and activity intended to embarrass, annoy or harass are not constitutionally protected speech")).

## III.

[¶ 9] Mark Rath's third argument is the district court lacked jurisdiction to issue its order because, on remand, the district court issued the disorderly conduct restraining order prior to this Court's mandate.

[¶ 10] Mark Rath asserted this issue at oral argument and not formally in his brief or to the district court. Ordinarily, we do not consider an argument raised for the first time at oral argument because it fails to provide adequate notice to the other party. However, challenges to subject matter jurisdiction can be raised at anytime, even for the first time at oral argument. See North Dakota Game and Fish Dept. v. Brashears, 325 N.W.2d 671, 673 n.2 (N.D. 1982).

[¶ 11] This Court reviews challenges to a district court's subject matter jurisdiction under a de novo standard of review. Datz v. Dosch, 2014 ND 102, ¶ 7, 846 N.W.2d 724. A district court loses jurisdiction over a case when a party files a notice of appeal. Id. at ¶ 8. "The jurisdiction of the Supreme Court attaches upon the filing of the appeal.... Further, an order or judgment entered by the trial court after an appeal has been filed is ordinarily void for lack of jurisdiction." Matter of S.E., 2012 ND 168, ¶ 9, 820 N.W.2d 389 (internal citations and quotations omitted). It is only when this Court issues its mandate that jurisdiction is returned to the district court. Datz, 2014 ND 102, ¶ 8.

[¶ 12] Here, the record is clear; the district court issued its order prior to this Court issuing its mandate. The district court issued its order granting the restraining order on April 11, 2016 and we

did not issue our mandate until April 19, 2016. Ordinarily, our analysis would stop here—the district court lacked subject matter jurisdiction. However, after the district court issued its order granting the restraining order, Mark Rath again invoked the jurisdiction of the district court when he moved the district court to reconsider its order. By the time the district court considered and denied his motion on May 31, 2016, we had issued our mandate and returned jurisdiction to the district court.

[¶ 13] When the district court denied Mark Rath's motion for reconsideration, it necessarily confirmed its order granting the restraining order. Because we issued our mandate prior to the district court denying Mark Rath's motion for reconsideration, which confirmed the restraining order, the district court possessed the requisite subject matter jurisdiction to issue its order. Therefore, the district court's order granting the restraining order is valid and it did not abuse its discretion in denying Mark Rath's motion for reconsideration.

IV.

[¶ 14] We affirm the district court's order granting Kayla Rath a disorderly conduct restraining order and order denying Mark Rath's motion for reconsideration.

[¶ 15] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Joel D. Medd, S.J.

[¶ 16] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision.

[¶ 17] The Honorable Joel D. Medd, S.J., sitting in place of Sandstrom, J., disqualified.