2017 ND 184

**Amanda E. KULBACKI, Plaintiff and Appellant**

v.

**Nicholas W. MICHAEL, Defendant**

and

**Shawn Coulter, Interested Party and Appellee**

No. 20160353

Supreme Court of North Dakota.

Filed 7/31/2017

Kari R. Winning, Grand Forks, ND, for plaintiff and appellant.

Shawn Coulter, self-represented, Grand Forks, ND, interested party and appellee.

Kapsner, Justice.

[¶1] Amanda Kulbacki appeals from a district court order denying her motion to terminate Shawn Coulter's grandparent visitation with Kulbacki's minor child and amend the child's birth certificate. We reverse, concluding as a matter of law, the termination of Nicholas Michael's parental rights was a material change in circumstances and Coulter is not able to establish a basis to have visitation under the facts of this case. We remand for briefing on the district court's jurisdiction to order the department of vital statistics to amend the child's birth certificate upon termination of parental rights.

I

[¶2] Kulbacki and Michael divorced in 2012 and have one child together. Kulbacki was pregnant when the parties divorced, and Michael was incarcerated when the child was born. Kulbacki and the child live in Arizona. After the child's birth, Michael and his mother, Coulter, requested grandparent visitation under N.D.C.C. § 14-09-

05.1. Kulbacki subsequently began an action to terminate Michael's parental rights in the superior court for Maricopa County, Arizona.

[¶3] The district court awarded Coulter one-half hour of unsupervised visitation for each day Kulbacki visits Grand Forks. The court concluded Kulbacki failed to establish limited grandparent time would interfere with her relationship with the child and would be contrary to the child's best interests. Kulbacki appealed the decision, and this Court held the "district court improperly placed the burden on Kulbacki to show grandparent visitation was not in the child's best interests." *Kulbacki v. Michael*, 2014 ND 83, ¶ 10, 845 N.W.2d 625. We remanded to the district court to address whether Coulter could show visitation was in the child's best interests and would not interfere with the parent-child relationship. *Id.*

[¶4] On remand, the district court found "Kulbacki has repeatedly frustrated any attempt by Ms. Coulter to have any contact whatsoever with her granddaughter." The court did not make further findings under N.D.C.C. § 14-09-05.1(2) relating to the amount of personal contact between Coulter and the child, but concluded Coulter met her burden of showing it was in the child's best interests for Coulter to have visitation with the child. The court issued a second amended judgment awarding Coulter thirty minutes of visitation each day Kulbacki visits Grand Forks. Kulbacki did not appeal the judgment.

[¶5] After entry of the second amended judgment, the superior court in Arizona terminated Michael's parental rights. Kulbacki moved to modify the judgment, seeking to terminate Coulter's grandparent visitation.[1] Kulbacki argued Coulter and the child have never met, they have no relationship with each other, and Coulter is no longer the child's legal grandparent. Kulbacki's motion also requested that the child's birth certificate be amended to remove Michael's name. The district court denied Kulbacki's motion, finding no material change in circumstances had occurred since the entry of the second amended judgment establishing Coulter's grandparent visitation. The court also determined it did not have jurisdiction to order the North Dakota Department of Vital Statistics to amend the child's birth certificate.

## II

[¶6] Kulbacki argues the district court erred in finding a material change in circumstances has not occurred since entry of the second amended judgment. She argues the termination of Michael's parental rights is a material change in circumstances. She contends the court should have terminated Coulter's grandparent visitation because she is no longer the child's legal grandparent.

[¶7] A grandparent's right of visitation to a minor child is governed by N.D.C.C. § 14-09-05.1. Modification of grandparent visitation is not addressed by N.D.C.C. § 14-09-05.1 and has not been addressed by this Court. Other courts addressing the issue have analogized modification of grandparent visitation with modification of parenting time. *See, e.g., Lovlace v. Copley*, 418 S.W.3d 1, 23 (Tenn. 2013); *Barrett v. Ayres*, 186 Md.App. 1, 972 A.2d 905, 915 (2009). A modification of parenting time requires a

---

1. In *Kulbacki*, 2014 ND 83, ¶ 12, 845 N.W.2d 625, we stated that "grandparent visitation awarded to Coulter under section 14-09-05.1, N.D.C.C., would not be automatically ended by termination of Michael's parental rights." We noted Kulbacki was "not prevented from seeking an adjustment of grandparent visitation if Michael's parental rights are terminated." *Id.*

material change in circumstances that has occurred since the prior order, and modification of the order is necessary to serve the child's best interests. *Bredeson v. Mackey*, 2014 ND 25, ¶ 6, 842 N.W.2d 860. Under the facts of this case, we need only address the material change in circumstances, because there has been no personal contact between Coulter and the child to establish the basis for visitation rights under N.D.C.C. § 14-09-05.1(1) and (2).

[¶8] Kulbacki argues the termination of Michael's parental rights is a material change in circumstances. "A material change in circumstances is an important new fact that was not known at the time of the prior [order]." *Siewert v. Siewert*, 2008 ND 221, ¶ 17, 758 N.W.2d 691. Whether a material change in circumstances has occurred is a finding of fact, subject to the clearly erroneous standard of review. *Id.* at ¶ 16. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if the reviewing court is left with a definite and firm conviction a mistake has been made. *Id.*

[¶9] Other than stating that "there has not been a material change in circumstances since the entry of the Second Amended Judgment," the district court made no written findings in its order denying modification of the second amended judgment. The court discussed whether a material change in circumstances had occurred at the hearing on Kulbacki's motion to modify the judgment:

> [T]here's been nothing shown to the Court that the prior court order of Judge Jahnke should be altered or terminated. Even though it's not being adhered to, it's the only leverage we really have in following through with that court order which considered and knew about all of the abuse, the background

between [Kulbacki and Michael], knew about, it appears to the Court that Jahnke knew about the fact that there was a termination proceeding ongoing at the time in Arizona. And so what's changed since then? The only thing that's changed is mom's refusal. I mean that hasn't even changed, the refusal to follow the prior court order. She's just not going to do it, she hasn't been doing it. So to come in and say help me not do it is kind of falling on deaf ears from the Court's point of view at this time. Without some information to show that the prior court order is or has had a negative impact on the minor child, some kind of a change has occurred, something has happened where there's no longer in the best interest of the minor child and that such contact would somehow interfere with the Plaintiff's relationship with her daughter, or that Ms. Coulter's involvement with the child would interfere with the Plaintiff's ability to parent the child, the Court is not going to change or alter the current order.

[¶10] The district court discussed Kulbacki's actions relating to its earlier order. Presumably, that order was the initial order awarding Coulter thirty minutes of grandparent visitation each day that Kulbacki is in Grand Forks. Following remand from this Court, the district court issued another order retaining Coulter's grandparent visitation. The court stated Kulbacki refused to follow the first order; however, Kulbacki has resided in Arizona since the order was issued. The earlier order and current order relating to grandparent visitation do not require Kulbacki to return to Grand Forks. The orders simply state that "[e]ach day that Ms. Kulbacki is in Grand Forks, Ms. Coulter shall be entitled to one-half hour of unsupervised grandparent visitation." In her affi-

davit supporting the motion to modify grandparent visitation, Kulbacki states she has not returned to Grand Forks since the orders have been in effect.

[¶11] In finding a material change in circumstances had not occurred since entry of the second amended judgment, the district court indicated proceedings to terminate Michael's parental rights were ongoing when the judgment was entered. Although the court knew termination proceedings had been commenced, Michael's parental rights were terminated after entry of the judgment. "[A] decree terminating parental rights severs all legal ties between the natural parent and the child." *In the Interest of C.R.H.*, 2000 ND 222, ¶ 12, 620 N.W.2d 175; *see also* N.D.C.C. § 27-20-46(1) ("An order terminating parental rights of a parent terminates all the parent's rights and obligations with respect to the child and of the child to or through the parent arising from the parental relationship."). Because Michael is no longer the child's legal parent, Coulter is no longer the child's legal grandparent. We conclude the termination of a parent's rights is a material change in circumstances as a matter of law in a proceeding relating to the modification of grandparent visitation. We reverse that part of the district court's order finding there has not been a material change in circumstances since the entry of the second amended judgment.

[¶12] Our determination of whether a material change in circumstances occurred is dispositive of the issue before this Court. The facts of this case are also dispositive of Kulbacki's motion to modify the second amended judgment.

[¶13] Coulter has never met the child and has had no contact with her which the district court must consider under N.D.C.C. § 14-09-05.1(2). As the district court indicated, Kulbacki is opposed

to Coulter having a relationship with the child, and Coulter cannot meet the requirements of N.D.C.C. § 14-09-05.1(1) to show visitation "would not interfere with the parent-child relationship." *Kulbacki*, 2014 ND 83, ¶ 7, 845 N.W.2d 625. "[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *see also Bredeson*, 2014 ND 25, ¶ 10, 842 N.W.2d 860 (quoting *Hamers v. Guttormson*, 2000 ND 93, ¶ 5, 610 N.W.2d 758) ("parents have a paramount and constitutional right to the custody and companionship of their children superior to that of any other person."). Under these facts, we conclude as a matter of law that Coulter cannot establish a right to visitation under N.D.C.C. § 14-09-05.1. We direct entry of judgment terminating Coulter's visitation.

### III

[¶14] Kulbacki argues the district court erred in deciding it did not have jurisdiction to order the North Dakota Department of Vital Statistics to amend the child's birth certificate to reflect the termination of Michael's parental rights. We review challenges to a court's subject matter jurisdiction under a de novo standard of review. *Rath v. Rath*, 2017 ND 80, ¶ 11, 892 N.W.2d 205.

[¶15] Kulbacki obtained an order from Arizona terminating Michael's parental rights. She filed the Arizona order in Grand Forks County under N.D.C.C. § 28-20.1-02 relating to the filing of foreign judgments. An order from another state filed under N.D.C.C. § 28-20.1-02 "has the same effect . . . as a judgment of a district court of any county of this state." The Arizona order terminating Michael's parental rights became a North Dakota or-

der terminating Michael's parental rights upon Kulbacki's filing of the order. As discussed, an order "terminating parental rights severs all legal ties between the natural parent and the child." *In the Interest of C.R.H.*, 2000 ND 222, ¶ 12, 620 N.W.2d 175.

[¶16] Kulbacki requested removal of Michael's name from the child's birth certificate in her motion to modify the second amended judgment. The district court decided it could not issue an order directing the department of vital statistics to amend the child's birth certificate because the Arizona order terminating Michael's parental rights does not amend the child's birth certificate. The court advised Kulbacki to request an amended order from the Arizona court.

[¶17] A district court has general jurisdiction under the constitution and N.D.C.C. § 27-05-06(2) to "determine all civil actions and proceedings." Under N.D.C.C. § 23-02.1-25(1) and (3), a court has authority to issue an order amending a birth record. Because Michael's parental rights have been terminated, we conclude the district court had subject matter jurisdiction under N.D.C.C. §§ 23-02.1-25 and 27-05-06(2) to order the department of vital statistics to amend the child's birth certificate if such amendment is in accordance with the governing statutes and regulations adopted thereunder. Kulbacki has not briefed whether the statutes and regulations relating to birth records provide the authority to amend a child's birth certificate upon termination of parental rights. We reverse that part of the court's order and remand to allow Kulbacki to brief the authority to amend the child's birth certificate to reflect the termination of Michael's parental rights. Additionally, the court may, in its discretion, invite the department of vital statistics to submit a brief on this issue.

IV

[¶18] The order is reversed and remanded for further proceedings.

[¶19] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.