20230278
FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
04-19-2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 73

Cody Berdahl,                                     Plaintiff and Appellant

v.

Joleen Berdahl,                                 Defendant and Appellee

## No. 20230278

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Justice Crothers, in which Chief Justice Jensen and Justice Bahr joined. Justice Bahr filed an opinion concurring specially. Justice Tufte filed an opinion concurring in part and dissenting in part, in which Justice McEvers joined.

Elizabeth A. Elsberry, Bismarck, ND, for plaintiff and appellant.

Harry M. Pippin, Williston, ND, for defendant and appellee.

1

**Crothers, Justice.**

[¶1]   Cody Berdahl appeals from a district court's order awarding attorney's fees to Joleen Berdahl. He argues the district court erred by awarding attorney's fees and that a different district court judge should be assigned to this case. We reverse the award of attorney's fees to Joleen Berdahl, remand for explanation whether the court intended to award attorney's fees in its November 5, 2021 judgment, and if so, instruct the court to explain the legal and factual basis for that award. We reject Cody Berdahl's request to assign the case to a different judge.

I

[¶2]   In *Berdahl v. Berdahl*, 2022 ND 136, 977 N.W.2d 294 (*Berdahl I*), we remanded for further proceedings, including the district court's award of $20,000 in attorney's fees. We explained we were unable to ascertain whether the court intended to award attorney's fees, and if so, whether an award would be proper under applicable statutory authority. *Id.* at ¶ 32. We remanded the case "for further consideration and explanation of the legal basis authorizing the award of attorney's fees." *Id.* On remand, Joleen Berdahl submitted a document detailing her attorney's fees. The district court issued an order resolving all remanded issues except attorney's fees. The court asked Joleen Berdahl whether her previous filing was an application for attorney's fees, and if it was, the court provided an opportunity for Joleen Berdahl to file a proper application for attorney's fees. Joleen Berdahl submitted an application for attorney's fees. The court considered the application and, with sparse and general findings on Cody Berdahl's ability to pay, awarded Joleen Berdahl $25,000 in attorney's fees ($5,000 more than before the first appeal). Cody Berdahl appeals.

[¶3]   Cody Berdahl argues the district court erred by not following this Court's mandate in *Berdahl I*, and by not explaining the basis for awarding attorney's fees. We agree.

[¶4]   When this Court has made a legal pronouncement and remanded a case for further proceedings, the parties may not relitigate the issue and the district court is required to follow the terms of our decision. Our clear rules provide:

> "Under the doctrine of res judicata, a valid, existing final judgment from a court of competent jurisdiction is conclusive on the parties . . . in all other actions with regard to the issues raised, or those that could have been raised, and determined therein. The law of the case doctrine is based upon the theory of res judicata, and is grounded on judicial economy to prevent piecemeal and unnecessary appeals.
>
>> 'The law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and a party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal.'
>
> "The mandate rule is a more specific application of the law of the case doctrine. The mandate rule requires the district court to follow the appellate court's pronouncements on legal issues in subsequent proceedings in the case and to carry the appellate court's mandate into effect according to its terms. This Court retains the authority to decide whether the district court scrupulously and fully carried out the mandate's terms."

*Pennington v. Continental Res., Inc.*, 2021 ND 105, ¶¶ 9-10, 961 N.W.2d 264 (cleaned up). We must ensure our mandate was "scrupulously and fully carried out." *Id.* ¶ 10.

[¶5]   The district court has some discretion on the procedures used on remand. However, that discretion is not without bounds and must be exercised within

the scope of our decision. When a matter is remanded for explanation of a decision or reconciliation of conflicting rulings, we are not extending to the court an invitation to re-adjudicate matters previously decided, and the remand cannot be utilized as a "do-over" of matters leading up to the first appeal. *Carlson v. Workforce Safety & Ins.*, 2012 ND 203, ¶¶ 17-19, 821 N.W.2d 760 (holding agency acted beyond the scope of remand when it re-adjudicated an individual's employment status rather than calculating his wage as instructed by this Court); *see also Inv'rs Title Ins. Co. v. Herzig*, 2013 ND 13, ¶ 13, 826 N.W.2d 310 (holding the district court failed to follow the mandate rule when it decided certain sanctions abated because they were coercive rather than addressing what portion of the sanctions were compensatory as this Court instructed).

[¶6] We are mindful that our cases permit a district court, as a general proposition and unless we say otherwise, to hold further hearings or accept further evidence. Here, the court did not simply receive evidence or hear argument from counsel. Nor did the court follow our directions on remand to explain what it originally intended and to make findings clarifying inconsistencies in its prior order. The scope of our remand and the instructions we provided are clear:

> "The district court's order is internally inconsistent. In its conclusions of law, the court stated: 'Each party shall be responsible for their own attorney's fees.' In Exhibit A, the court included Joleen Berdahl's legal fees in the marital debts, despite noting the debt was incurred post-separation. The district court made no findings regarding either Cody Berdahl's ability to pay attorney's fees or Joleen Berdahl's need for them. The record lacks any supporting documentation of the attorney's fees incurred by either party. The court also did not explain under which statutory authority it awarded Joleen Berdahl attorney's fees.
>
> "We have previously reversed an award of attorney's fees when we are unable to discern the district court's authority for such an award. On this record, we do not have sufficient information to ascertain whether the attorney's fees were intended to be awarded, or, if intended, whether the fees may be proper

3

under applicable statutory authority. We reverse the court's award of attorney's fees to Joleen Berdahl and remand for further consideration and explanation of the legal basis authorizing the award of attorney's fees."

*Berdahl I*, 2022 ND 136, ¶¶ 31-32 (cleaned up).

[¶7] The district court has not yet complied with our mandate, which was for the court to explain the legal basis for the attorney's fees award it already made, and to articulate how it reached the amount awarded. Instead of explaining its decision, the court went beyond the scope of our mandate by allowing a new proceeding—an application for attorney's fees—and making an additional award of attorney's fees. The court violated both the law of the case doctrine and the mandate rule by not following our direction and acting beyond the scope of our remand. We again reverse for the court to follow our narrow directive—and not to make findings on newly argued grounds for awarding attorney's fees under an application filed after the first remand.

III

[¶8] Cody Berdahl requests we assign this case to a new judge because the current judge showed bias by allowing Joleen Berdahl to file an application for attorney's fees and then ruled in her favor. We decline his request to reassign the case. *See Rath v. Rath*, 2016 ND 105, ¶ 13, 879 N.W.2d 735 ("Adverse or erroneous rulings do not, by themselves, demonstrate bias.").

IV

[¶9] We reverse the order awarding attorney's fees to Joleen Berdahl, remand for explanation whether the district court intended to award attorney's fees in its November 5, 2021 judgment, and if so, instruct the court to explain the legal and factual basis for an award.

[¶10] Jon J. Jensen, C.J.
Daniel J. Crothers
Douglas A. Bahr

4

**Bahr, Justice, concurring specially.**

[¶11] I join the majority opinion because the district court exceeded the scope of this Court's remand in *Berdahl I*.

[¶12] I was not a member of the Court when *Berdahl I* was decided. I take no position regarding whether the Court should have remanded the attorney's fees issue for further consideration and explanation when Joleen Berdahl did not request attorney's fees; Joleen Berdahl did not present evidence supporting the amount of her attorney's fees; the district court specifically found, "Each party shall be responsible for their own attorney's fees"; the court made no findings regarding either Cody Berdahl's ability to pay attorney's fees or Joleen Berdahl's need for them; and the record lacked any supporting documentation of the attorney's fees incurred by either party. 2022 ND 136, ¶¶ 28, 31.

[¶13] Douglas A. Bahr

**Tufte, Justice, concurring in part and dissenting in part.**

[¶14] I respectfully disagree with the majority's conclusion that the district court exceeded the scope of our mandate on remand in *Berdahl I*.

[¶15] "We have repeatedly held that, when we remand for redetermination of an issue without specifying the procedure to be followed, the district court may decide the issue based on the evidence already before it or may take additional evidence." *Taszarek v. Lakeview Excavating, Inc.*, 2021 ND 237, ¶ 5, 968 N.W.2d 146 (internal quotations omitted) (quoting *Sorenson v. Slater*, 2011 ND 216, ¶ 9, 806 N.W.2d 183). When we do not provide instruction to the district court, the court has discretion on whether to "hold further hearings or accept further evidence." *Frisk v. Frisk*, 2006 ND 165, ¶ 18, 719 N.W.2d 332. We review a district court's procedure on remand for abuse of discretion. *Taszarek*, 2021 ND 237, ¶ 5.

[¶16] In *Berdahl I*, Joleen Berdahl had requested attorney's fees by placing the request in Exhibit A, outlining her proposed property distribution, which the district court adopted. 2022 ND 136, ¶ 31. Cody Berdahl appealed, arguing it was not the proper procedure for awarding attorney's fees. *Id*. at ¶ 28. We

5

explained a court abuses its discretion "by awarding attorney's fees unsupported by proper documentation upon which the court can determine the reasonableness or legitimacy of the requested fees." *Id*. at ¶ 30. We explained: "The record lacks any supporting documentation of the attorney's fees incurred by either party. The court also did not explain under which statutory authority it awarded Joleen Berdahl attorney's fees." *Id*. at ¶ 31. We remanded for "further consideration and explanation of the legal basis authorizing the award of attorney's fees." *Id*. at ¶ 32. On remand, the district court corrected Exhibit A and removed attorney's fees from the final distribution.

[¶17] The district court then considered an application for attorney's fees under N.D.C.C. § 14-05-23. We did not clearly limit the procedure the district court could use to resolve the issue of attorney's fees because we were unsure if the district court intended to award attorney's fees or otherwise consider attorney's fees in making its property distribution. *Berdahl I,* 2022 ND 136, ¶ 32. Further, N.D.C.C. § 14-05-23 allows for an application at any time while the separation or divorce proceeding is pending. *See Siewert v. Siewert*, 2008 ND 221, ¶ 32, 758 N.W.2d 691 (explaining the district court may under N.D.C.C. § 14-05-23 award attorney's fees at any time a divorce is pending, including while an appeal on unrelated issues is pending). Our remand was not a narrow directive to the district court to explain its decision based on the existing record but allowed "further consideration" of the issue of attorney's fees. I would conclude our mandate and statute permitted the court discretion to allow Joleen Berdahl to submit an application for attorney's fees.

[¶18] Although I agree the district court still must make specific findings on Cody Berdahl's ability to pay any award of attorney's fees, I do not agree that this Court's mandate in *Berdahl I* was as limiting as the majority reads it, nor did our mandate foreclose consideration of a future application for attorney's fees under N.D.C.C. § 14-05-23. (It is not clear to me it could.) I would permit the court on remand to complete its findings on Cody Berdahl's ability to pay regarding the application for fees submitted on remand.

[¶19] Lisa Fair McEvers
    Jerod E. Tufte