2016 ND 146

**David Lynn HIEB, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20160019.

Supreme Court of North Dakota.

July 20, 2016.

Laura C. Ringsak, Bismarck, N.D., for petitioner and appellant.

Ryan J. Younggren, Assistant State's Attorney, Fargo, N.D., for respondent and appellee.

KAPSNER, Justice.

[¶ 1] David Hieb appeals from a district court order denying his application for post-conviction relief. Hieb argues his conviction should be reversed because he pled guilty to conspiracy to commit felony murder which is not a cognizable offense. We affirm, concluding Hieb's application is untimely.

I

[¶ 2] In 2005, Hieb was charged with conspiracy to commit murder in violation of N.D.C.C. §§ 12.1–06–04 and 12.1–16–01. The information was amended to include an additional charge of murder in violation of N.D.C.C. § 12.1–16–01(1)(c). The information was amended a second time to

dismiss the murder charge. Hieb pled guilty to conspiracy to commit murder.

[¶ 3] On October 7, 2015, Hieb applied for post-conviction relief. He argued his application was not barred by the two-year statute of limitations because an exception to the statute of limitations for the retroactive application of a new interpretation of state law applies. He claimed this Court held conspiracy to commit extreme indifference murder is not a cognizable offense in *State v. Borner*, 2013 ND 141, 836 N.W.2d 383; *Borner* applies retroactively; he pled guilty to conspiracy to commit murder without specifying which type of murder; and therefore he pled guilty to an offense that is not a crime.

[¶ 4] The State requested the application for post-conviction relief be denied. The State argued the two-year statute of limitations applied and Hieb voluntarily pled guilty waiving the right to challenge non-jurisdictional defects. The State also argued summary disposition was appropriate.

[¶ 5] The district court denied Hieb's application. The court found the statute of limitations prohibits the application and Hieb did not establish he was entitled to an exception. The court also found Hieb's guilty plea was knowing and voluntary.

## II

[¶ 6] Hieb argues the district court erred in denying his application for post conviction relief and his conviction should be reversed because conspiracy to commit felony murder is not a cognizable offense.

[¶ 7] An application for post-conviction relief must be filed within two years of the date the conviction becomes final, unless:

(1) The petition alleges the existence of newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted;

(2) The petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief; or

(3) The petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States supreme court or a North Dakota appellate court and the petitioner establishes that the interpretation is retroactively applicable to the petitioner's case.

N.D.C.C. § 29–32.1–01(3)(a).

[¶ 8] Hieb's conviction became final in 2005, and his application for post-conviction relief was filed on October 7, 2015. Hieb's application for post-conviction relief was not filed within two years of his conviction becoming final. His application is untimely unless he establishes one of the exceptions to the statute of limitations applies.

[¶ 9] In his application for post-conviction relief, Hieb argued the application was not untimely because a new interpretation of state law applied to his case. He specifically argued an exception to the statute of limitations applies because this Court held that conspiracy to commit extreme indifference murder under N.D.C.C. §§ 12.1–06–04 and 12.1–16–01(1)(b) was not a cognizable offense in *Borner*, 2013 ND 141, 836 N.W.2d 383, *Borner* has been applied retroactively, and the new interpretation of state law should be applied to his case.

[¶ 10] Section 29–32.1–01(3)(b), N.D.C.C., states an application asserting an exception to the statute of limitations for a new interpretation of federal or state

law "must be *filed* within two years of . . . the effective date of the retroactive application of law." (Emphasis added) Hieb's application for post-conviction relief was dated October 1, 2015, but it was not filed until October 7, 2015. The statute requires the application to be filed within two years of the effective date of the appellate court decision announcing the new interpretation of federal or state law. Assuming *Borner* would apply for purposes of this decision, we must determine whether Hieb filed his application within two years of the effective date of the *Borner* decision. This Court has not previously interpreted this provision of N.D.C.C. § 29–32.1–01 and explained what is the effective date of a retroactive application of law.

[¶ 11] An opinion explains the court's decision, including the explanation of the court's decision on any questions of law. *See* N.D. Const. art. VI, § 5; Opinion, *Black's Law Dictionary* (10th ed.2014). An opinion, agreed to by a majority of the court, becomes precedent when it is published or distributed. A mandate is issued at a later date, and consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any directions about costs. N.D.R.App.P. 41. The mandate applies to the parties involved in the case and is the official way for an appellate court to communicate its judgment and return jurisdiction to the district court. *See In re Disciplinary Action Against Larson,* 485 N.W.2d 345, 348 n. 2 (N.D.1992); *see also Datz v. Dosch,* 2014 ND 102, ¶ 8, 846 N.W.2d 724. The decision becomes binding on the parties involved when the mandate is issued. *See Holkesvig v. VandeWalle,* 2016 ND 107, ¶ 15, 879 N.W.2d 728. For purposes of the exception to the statute of limitations, we conclude the effective date of the retroactive application of law is

the date the opinion announcing a new interpretation of federal or state law is distributed or published.

[¶ 12] Section 29–32.1–01, N.D.C.C., was amended in 2013 to include the two-year statute of limitations and to make the state post-conviction relief process similar to federal habeas corpus. *See Hearing on S.B. 2227 Before the House Judiciary Committee,* 63rd N.D. Legis. Sess. (March 20, 2013) (testimony of Dale Sandstrom, North Dakota Supreme Court Justice) (stating reforms in the legislation parallel reforms to federal habeas corpus). "Although federal law is not binding on our interpretation of state law, we can look to federal law for guidance when it is helpful and sensible to do so." *State v. Rufus,* 2015 ND 212, ¶ 16, 868 N.W.2d 534. The 2013 amendments to N.D.C.C. § 29–32.1–01 parallel the federal habeas corpus statute, and therefore the federal courts' interpretation of similar provisions of the federal habeas corpus statute may provide guidance in interpreting our statute. Federal courts interpret the federal statute to require a habeas corpus application be filed within the statutory time period after the date of the decision announcing a new interpretation of law. *See, e.g., In re Hill,* 437 F.3d 1080, 1083 (11th Cir.2006); *Lave v. Dretke,* 416 F.3d 372, 382 (5th Cir.2005). Our interpretation of N.D.C.C. § 29–32.1–01(3) is consistent with interpretations of similar federal habeas corpus provisions.

[¶ 13] Hieb filed his application for post-conviction relief on October 7, 2015. The *Borner* decision was announced on August 29, 2013, which was more than two years before Hieb filed his application for post-conviction relief. Even if we considered whether Hieb's application was filed within two years of the date the mandate in the *Borner* case was issued, the application would still be untimely because the mandate was issued on October 3, 2013.

Hieb did not file his application for post-conviction relief within two years of the effective date of *Borner*. We conclude Hieb's application for post-conviction relief was untimely and the district court did not err in denying the application.

### III

[¶ 14] We affirm the district court's order.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.

[¶ 16] The Honorable LISA FAIR McEVERS disqualified herself subsequent to oral argument and did not participate in this decision.

SANDSTROM, Justice, concurring.

[¶ 17] I agree with the majority opinion. I also note that even if the statute of limitations did not preclude the appeal, the result would be the same because of the factual basis given and the guilty plea in this case.

[¶ 18] DALE V. SANDSTROM