# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 208

Ashley Marie Askew Quamme,                                    Plaintiff and Appellee

v.

Chad Q. Quamme,                                              Defendant and Appellant

### No. 20210093

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice, Chief Justice Jensen, Justices VandeWalle, Crothers, Tufte, and Jensen joined. Chief Justice Jensen filed an opinion concurring.

Jeffrey Sprout, Fargo, ND, for plaintiff and appellee.

Robert J. Schultz, Fargo, ND, for defendant and appellant.

**Quamme v. Quamme**
No. 20210093

**McEvers, Justice.**

[¶1]   Chad Quamme appeals from a divorce judgment.  He argues the district court erred when it calculated child support and when it awarded Ashley Quamme spousal support.  We reverse the district court's child support determination concluding the court's finding that Chad Quamme is self-employed is not supported by the evidence.  We also reverse the court's award of spousal support because we are unable to determine the court's rationale for deciding Chad Quamme has the ability to pay.  We remand for the district court to recalculate child support and to reassess whether an award of spousal support is warranted.

I

[¶2]   The parties were married in 2008.  Chad Quamme is 41 years old.  He works as a financial advisor at Wells Fargo.  He previously worked as a financial advisor for Dougherty & Company.  Ashley Quamme is 34 years old.  She works as a preschool teacher and a fitness instructor.  They share three minor children.  Ashley Quamme sued Chad Quamme for divorce in 2019.  The parties entered into a partial stipulation agreement.  They agreed to equally share residential responsibility of their minor children, and they stipulated to a division of marital assets and debt.  They reserved the issues of child support and spousal support for trial.

[¶3]   The district court held a trial and heard testimony from both parties.  After the trial, the court found Chad Quamme was self-employed and ordered him to pay $2,120 a month in child support based on a five-year average of his income.  The court also found Ashley Quamme was in need of spousal support, Chad Quamme had the ability to pay, and it awarded Ashley Quamme $2,000 a month in spousal support for a period of five years.  The court entered judgment which provided for child support and spousal support as well as adopting the parties' stipulation.  Chad Quamme moved for a new trial, and the court denied his motion.

1

[¶4]   Chad Quamme argues the district court erred when it calculated child support.  He claims he is not self-employed and the court improperly included certain amounts as income in its calculation.

[¶5]   Child support determinations involve questions of law that are reviewed de novo, findings of fact that are reviewed under the clearly erroneous standard, and in some instances matters of discretion reviewed for an abuse of discretion.  *Shae v. Shae*, 2014 ND 149, ¶ 6, 849 N.W.2d 173.

> "A court errs as a matter of law if it does not comply with the requirements of the child support guidelines." *Wolt v. Wolt*, 2019 ND 155, ¶ 5, 930 N.W.2d 589. As a matter of law, the court must clearly set forth how it arrived at the amount of income and level of support. *Minar v. Minar*, 2001 ND 74, ¶ 10, 625 N.W.2d 518. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Id.*

*Bickel v. Bickel*, 2020 ND 212, ¶ 6, 949 N.W.2d 832.

[¶6]   To determine the amount of child support required by the guidelines, a proper finding of net income is "essential."  *Halberg v. Halberg*, 2010 ND 20, ¶ 10, 777 N.W.2d 872; *see also* N.D. Admin. Code § 75-02-04.1-02(3).  An obligor's net income is calculated by determining his or her gross income and subtracting the items listed in the guideline definition of "net income." *Halberg*, at ¶ 10; *see also* N.D. Admin. Code § 75-02-04.1-01(6) (defining net income).   "[T]he guideline definition of 'gross income' is 'very broad and is intended to include any form of payment to an obligor, regardless of source, which is not specifically excluded under the guidelines.'"  *Wilson v. Wilson*, 2014 ND 199, ¶ 24, 855 N.W.2d 105 (quoting *Berg v. Berg*, 2006 ND 46, ¶12, 710 N.W. 417); *see also* N.D. Admin. Code § 75-02-04.1-01(4)(b) (providing examples of gross income).  Specific exceptions are set out at N.D. Admin. Code § 75-02-04.1-01(4)(a).

[¶7]  Chad Quamme argues the district court erred when it determined he was self-employed.  He asserts he is not self-employed because his wages are reported on IRS W-2 forms, he does not take a self-employment deduction, and he has no control over Wells Fargo.  He argues that because he is not self-employed, the district court erred when it based its child support calculation on a five-year average.  Ashley Quamme argues Chad Quamme's compensation is primarily commission based and performance based, and he has a significant amount of control over the income he receives which makes him self-employed for child support purposes.

[¶8]  The definition of gross income is very broad and the child support guidelines give examples of "gross income" including:

> *salaries*, wages, overtime wages, *commissions*, bonuses, employee benefits, currently deferred income, dividends, severance pay, pensions, interest, trust income, annuities income, gains, social security benefits, workers' compensation benefits, unemployment insurance benefits, distributions of retirement benefits, receipt of previously deferred income to the extent not previously considered in determining a child support obligation for the child whose support is under consideration, veterans' benefits (including gratuitous benefits), gifts and prizes to the extent they annually exceed one thousand dollars in value, spousal support payments received, refundable tax credits, value of in-kind income received on a regular basis, children's benefits, income imputed based upon earning capacity, military subsistence payments, and *net income from self-employment*.

N.D. Admin. Code § 75-02-04.1-01(4)(b) (emphasis added).  The definition of self-employment includes income earned:

> *from any business organization or entity which the obligor is, to a significant extent, able to directly or indirectly control.* For purposes of this chapter, it also includes any activity that generates income from rental property, royalties, business gains, partnerships, trusts, corporations, and any other organization or entity regardless of form and regardless of whether such activity

3

would be considered self-employment activity under the Internal Revenue Code.

N.D. Admin. Code § 75-02-04.1-01(10) (emphasis added). When self-employment activities are "undertaken on a substantially similar scale" from year to year, the district court must generally average the most recent five years of self-employment activity to determine self-employment income. N.D. Admin. Code § 75-02-04.1-05(4). If not, "a shorter period may be used." *Id.* Whether an obligor is self-employed is a question of fact. *Halberg*, 2010 ND 20, ¶ 12.

[¶9] Chad Quamme testified as to the nature of his work as a financial advisor. He stated his work with his previous employer, Dougherty & Company, was entirely commissioned based. He testified his current work with Wells Fargo includes a base salary and commission. At trial, he was asked whether he had control over his compensation:

> Q. [W]ould you say—I'm guessing you have a little control over your compensation depending on how well you perform?
> A. To some extent. A lot of that is based off of the number of clients that you serve and that you have and how many assets you have under management.
> Q. And who's responsible for bringing in new clients and managing those assets?
> A. I am.

The district court found, without explanation, "Chad is self-employed for child support purposes," and the court averaged his income for the previous five years.

[¶10] The evidence does not support the district court's finding. Commissions are generally included in gross wages from employment, but the earning of commissions does not necessarily indicate whether the income is from employment or self-employment. Rather, the determination of self-employment in this context is whether the obligor directly or indirectly controls the organization providing him employment. *See Wolt v. Wolt*, 2019 ND 155, ¶ 6, 930 N.W.2d 589 (discussing obligor's self-employment income from

employment in a Subchapter S corporation). While the evidence may support a conclusion that Chad Quamme has some control over the amount of his commissions, there is no evidence to support a finding that he has, "to a significant extent," an ability to "directly or indirectly" control Wells Fargo, which is the "business organization or entity" from which he earns his income. N.D. Admin. Code § 75-02-04.1-01(10). We conclude the district court erred when it found Chad Quamme is self-employed, and we reverse its decision.

B

[¶11] Chad Quamme also argues the district court erred when it included two sources of income in its child support calculation. One source concerns wages allocated by Dougherty & Company to offset a debt Chad Quamme owed the company. The other source concerns amounts forgiven from loans Wells Fargo provided when he began employment there. All of the loans were from 2017 or earlier. Chad Quamme argues neither constitutes income under the guidelines.

[¶12] Because we have reversed the district court's holding that Chad Quamme is self-employed, the court will again have to determine which funds should be considered in its calculation. *See* N.D. Admin. Code § 75-02-04.1-02(7) (when income fluctuates, the court may consider information from "a period of time sufficient to reveal the likely extent of fluctuations"); *see also* N.D. Admin. Code § 75-02-04.1-02(8) (calculations are "ordinarily based upon recent past circumstances"). Wells Fargo has forgiven portions of Chad Quamme's debt each year since 2018. Thus, whether the district court determines his net income under N.D. Admin. Code § 75-02-04.1-02(7) or (8), the issue of whether the amounts forgiven by Wells Fargo constitute gross income will arise again on remand. We may address issues likely to arise again on remand. *See Berge v. Berge*, 2006 ND 46, ¶ 10, 710 N.W.2d 417. Under N.D. Admin. Code § 75-02-04.1-01(4)(b), gross income includes the "value of in-kind income received on a regular basis." "'In-kind income' means the receipt from employment or income-producing activity of any valuable right . . . including forgiveness of debt . . . ." N.D. Admin. Code § 75-02-04.1-01(5). The undisputed evidence in this case establishes the Wells Fargo loans were given

5

to Chad Quamme based on his employment there, and Wells Fargo has forgiven various amounts each year since 2018. The undisputed evidence also establishes that if Chad Quamme terminates his employment with Wells Fargo or is fired, the loans will be due immediately. We hold any amounts regularly forgiven from the Wells Fargo employment loans constitute gross income under N.D. Admin Code § 75-02-04.1-01(4)(b) and (5).

## III

[¶13] Chad Quamme asserts the district court erred when it awarded Ashley Quamme spousal support. He argues the court's findings are inadequate because they do not consider his living expenses. He claims his monthly debts and expenses exceed his income, and therefore he does not have the ability to pay the amount ordered.

[¶14] The district court may award spousal support under N.D.C.C. § 14-05-24.1. When determining whether to award spousal support, "the court must consider the *Ruff-Fischer* guidelines, the needs of the spouse seeking support, and the ability of the other spouse to pay." *Willprecht v. Willprecht*, 2020 ND 77, ¶ 40, 941 N.W.2d 556. The *Ruff-Fischer* factors include:

> The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Orwig v. Orwig*, 2021 ND 33, ¶ 35, 955 N.W.2d 34 (quoting *Tarver v. Tarver*, 2019 ND 189, ¶ 15, 931 N.W.2d 187). "The court is not required to make specific findings on each *Ruff-Fischer* factor, but we must be able to determine the reasons for the court's decision." *Knudson v. Knudson*, 2018 ND 199, ¶ 11, 916 N.W.2d 793. Likewise, the district court is not required to provide a complete calculation of each parties' assets, debts, and expenses, but "a clear description of the financial situation of each party is helpful for this Court in

6

understanding the court's rationale in awarding spousal support." *Willprecht v. Willprecht*, 2021 ND 17, ¶ 11, 954 N.W.2d 707. A decision on spousal support is a finding of fact reviewed under the clearly erroneous standard of review. *Knudson*, 2018 ND 199, ¶ 10.

[¶15] The district court ordered Chad Quamme to pay Ashley Quamme $2,000 a month in spousal support for five years. The court found Ashley Quamme was in need of spousal support because her expenses exceeded her income by roughly $2,000. The court also found Chad Quamme had the ability to pay. However, the court did not analyze Chad Quamme's ability to pay or address the sizeable amount of debt he assumed under the parties' stipulation. In its post-trial order denying relief, the court stated there was sufficient evidence submitted at trial to support its finding that the spousal support payment did not impair Chad Quamme's ability to pay his debts based on his net income of $8,526 and his monthly child support obligation, but the court did not identify the evidence or analyze the issue further.

[¶16] Without any analysis, and given the large amount of debt he assumed relative to his yet to be determined income, we are unable to decipher the court's rationale for determining Chad Quamme has an ability to pay. When we cannot discern the court's rationale, reversal of its decision and remand of the case is appropriate. *See Meyer v. Meyer*, 2004 ND 89, ¶ 9, 679 N.W.2d 273 (reversing district court's spousal support decision when we were unable to discern its rationale and remanding for reconsideration). On remand, after reconsidering Chad Quamme's child support obligation, the district court must examine Chad Quamme's income, expenses, and debt obligations to determine whether he has the ability to pay spousal support, and if so, the appropriate amount to order.

IV

[¶17] The judgment is reversed and the case is remanded.

Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers

7

Lisa Fair McEvers

Jerod E. Tufte

[¶18] **Jensen, Chief Justice, concurring.**

[¶19] I have signed the majority opinion and write separately to point out the limits of the majority's opinion. Specifically, in ¶¶ 7-10 the majority opinion concludes the district court's finding that Chad Quamme is self-employed was clearly erroneous. The majority opinion does not conclude the court was prohibited from considering and averaging Chad Quamme's income over a period of several years in determining his gross annual income.

[¶20] As acknowledged in ¶ 12 of the majority opinion, the Child Support Guidelines expressly allow the district court to consider fluctuations in income in determining an obligor's gross income. N.D. Admin. Code § 75-02-04.1-02(7). Subsection (7) of N.D. Admin. Code § 75-02-04.1-02 reads as follows:

> 7. Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income. Where gross income is subject to fluctuation, regardless of whether the obligor is employed or self-employed, information reflecting and covering a period of time sufficient to reveal the likely extent of fluctuations must be provided.

[¶21] Citing to N.D. Admin. Code § 75-02-04.1-02(7), this Court has expressly recognized "[a]veraging fluctuating income is also appropriate under the child support guidelines." *Schiff v. Schiff*, 2000 ND 113, ¶ 38, 611 N.W.2d 191 (reversing a child support determination that failed to include within gross income an employee's longevity bonuses received every third year). Averaging fluctuations in income may be appropriate "regardless of whether the obligor is employed or self-employed . . . ." N.D. Admin. Code § 75-02-04.1-02(7).

[¶22] Here, the district court determined Chad Quamme was self-employed and thereafter determined Chad Quamme's net income from self-employment

8

under N.D. Admin. Code § 75-02-04.1-05. While this Court has reversed the court's finding that Chad Quamme was self-employed and the calculation of his child support obligation under N.D. Admin. Code § 75-02-04.1-05, the opinion does not preclude, or require, the averaging of Chad Quamme's prior income in the determination of his gross income. On remand, the district court is free to explain why income averaging of multiple tax years is appropriate in this case.

[¶23]  Jon J. Jensen, C.J.