FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JUNE 8, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 124

Ashley Marie Askew Quamme,                                    Plaintiff and Appellee

  v.

Chad Q. Quamme,                                              Defendant and Appellant

## No. 20220034

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

VACATED.

Opinion of the Court by McEvers, Justice.

Mark J. Pilch, Fargo, ND, for plaintiff and appellee.

Robert Schultz, Fargo, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Chad Quamme appeals from an amended divorce order and judgment entered after we issued our decision in *Quamme v. Quamme*, 2021 ND 208, 967 N.W.2d 452 ("*Quamme I*").   He argues the district court lacked jurisdiction when it entered the order and judgment because we had not yet issued our mandate in *Quamme I*.   We agree.   We hold the order and judgment are void for lack of jurisdiction, and we vacate them.

I

[¶2]   We set forth the background of the case in *Quamme I*, in which we held the district court's finding that Chad Quamme was self-employed for purposes of calculating child support was erroneous and the court's analysis of his ability to pay spousal support was inadequate.   2021 ND 208, ¶ 1.   We remanded the case to the district court for recalculation of child support and reconsideration of whether Chad Quamme has the ability to pay spousal support.   *Id.* at ¶ 16.   Our opinion was filed on December 1, 2021.   On December 3, 2021, the district court entered an amended order for judgment.   An amended judgment was entered on December 7, 2021.   Our mandate in *Quamme I* was issued on December 23, 2021.

II

[¶3]   We review issues implicating subject-matter jurisdiction de novo when the jurisdictional facts are not disputed.   *Datz v. Dosch*, 2014 ND 102, ¶ 7, 846 N.W.2d 724.   Our jurisdiction generally attaches upon the filing of a notice of appeal.   *CHS Inc. v. Riemers*, 2018 ND 101, ¶ 16, 910 N.W.2d 189.   With some exceptions, the district court correspondingly loses jurisdiction when a notice of appeal is filed.   *Id.*; *see also Holkesvig v. Grove*, 2014 ND 57, ¶ 16, 844 N.W.2d 557 (discussing collateral matters for which the district court retains jurisdiction); *Wilson v. Koppy*, 2002 ND 179, ¶ 6, 653 N.W.2d 68 (collecting cases discussing other exceptions).   Jurisdiction does not return to the district court until we issue our mandate.   *CHS*, at ¶ 16.   A mandate is "the official way

for an appellate court to communicate its judgment and return jurisdiction to the district court." *Hieb v. State*, 2016 ND 146, ¶ 11, 882 N.W.2d 724. "[A]n order or judgment entered by the trial court after an appeal has been filed is ordinarily void for lack of jurisdiction." *CHS*, at ¶ 16 (quoting *Matter of S.E.*, 2012 ND 168, ¶ 9, 820 N.W.2d 389); *see also Rath v. Rath*, 2017 ND 80, ¶ 11, 892 N.W.2d 205; *Datz*, at ¶ 10; *Wilson*, at ¶ 6.

### III

[¶4] This case does not involve an exception to the general rule that we maintain jurisdiction until we issue our mandate. The amended order and judgment were entered prior to our mandate, before the time for filing a petition for rehearing had expired, and while the district court lacked jurisdiction. We therefore hold the amended order and judgment are void, and we vacate them. We are not determining whether the district court's vacated amended order and judgment comply with our mandate, and we express no opinion as to the merits of this appeal. Under N.D.R.App.P. 41, we order the Clerk of the Supreme Court to immediately issue our mandate from this appeal. When the district court regains jurisdiction, it shall act according to our opinion and mandate in *Quamme I*, which remain in effect.

[¶5]   Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte