**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**JULY 7, 2022**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 136

Cody Berdahl,                                                                 Plaintiff and Appellant

   v.

Joleen Berdahl,                                                             Defendant and Appellee

### No. 20210320

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by McEvers, Justice.

Elizabeth A. Elsberry, Bismarck, ND, for plaintiff and appellant.

Harry M. Pippin, Williston, ND, for defendant and appellee.

**Berdahl v. Berdahl**
**No. 20210320**

**McEvers, Justice.**

[¶1]  Cody Berdahl appeals from a divorce judgment entered following a bench trial in his divorce action against Joleen Berdahl.  He argues the district court erred in distributing the marital property, in ordering him to pay spousal support to Joleen Berdahl, and in awarding Joleen Berdahl credit for attorney's fees.  We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

I

[¶2]  Cody Berdahl and Joleen Berdahl were married in 1997.  The parties separated on August 1, 2019, and Cody Berdahl sued for divorce in November 2019.  A two-day trial was held in July 2021.  At the time of trial, Cody Berdahl was 50 years of age and Joleen Berdahl was 49.  They lived in Watford City, North Dakota.  Cody Berdahl was part owner of Dirty Birds, an oilfield service company.  As part owner, he received work-related benefits including a phone, a vehicle, and health insurance.  Joleen Berdahl worked at Dirty Birds as its bookkeeper from 2011 until fall 2019.  At trial, she admitted she failed to timely remit payroll taxes to the Internal Revenue Service for the business.  Joleen Berdahl had a high school education and eighteen years of bookkeeping experience.  After the parties separated, she worked for the McKenzie County School District in a seasonal aide position.

[¶3]  The district court heard testimony from both parties regarding the accumulated assets and debts and the conduct attributing to the breakdown of this long-term marriage.  Both parties drank alcohol throughout the marriage.  Joleen Berdahl's alcohol consumption became problematic, resulting in her seeking and successfully completing outpatient alcohol treatment.

[¶4]  Following trial, the district court issued its Memorandum of Opinion, Findings of Fact, Conclusions of Law and Order for Judgment and attached Exhibit A outlining its property distribution.  The court included post-separation property in the marital estate.  The court valued Dirty Birds'

accounts receivable at $100,000, based on Joleen Berdahl's testimony, and included that amount in its property distribution. The court permitted Joleen Berdahl to remain in the marital home "with Cody Berdahl continuing to pay the mortgage, insurance, taxes, and utilities on the home until it sells." The court found both parties engaged in conduct that "affected the parties directly and indirectly, financially," and no harm resulted to Dirty Birds due to Joleen Berdahl's actions. The court awarded Joleen Berdahl spousal support of $1,000 per month for ten years "to assist her with her financial needs and to rehabilitate her into becoming self-sustaining," to begin the month after the marital home sells or Joleen Berdahl voluntarily leaves the home. Finally, the court ordered each party be responsible for their own attorney's fees, but credited Joleen Berdahl with a $20,000 reduction in the marital estate for her legal fees in its property distribution. The court entered judgment, and Cody Berdahl appeals.

## II

[¶5] Cody Berdahl argues the district court erred in distributing the marital property by finding Dirty Birds' accounts receivable had a value of $100,000, by failing to properly consider Joleen Berdahl's conduct, by including valuations for property acquired post-separation in the marital estate, and by failing to require Joleen Berdahl to reimburse him for payment of post-separation bills.

[¶6] When granting a divorce, a district court is required to value the parties' property and debts and "make an equitable distribution." N.D.C.C. § 14-05-24(1) (2017).[1] This Court's standard of review for a district court's marital property distribution is well established:

> This Court reviews a district court's distribution of marital property as a finding of fact, and will not reverse unless the

---

[1] Section 14-05-24(1), N.D.C.C., was amended effective August 1, 2021, to provide that when the parties do not mutually agree, "the valuation date for marital property and debt is sixty days before the initially scheduled trial date." The 2021 amendment became effective after this action commenced; therefore, the prior version enacted in 2017 is applicable.

findings are clearly erroneous. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made." We view the evidence in the light most favorable to the findings, and the district court's factual findings are presumptively correct. Valuations of marital property within the range of the evidence presented are not clearly erroneous. A choice between two permissible views of the evidence is not clearly erroneous if the district court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations.

*Holm v. Holm*, 2017 ND 96, ¶ 4, 893 N.W.2d 492 (internal citations omitted).

[¶7] In making its distribution, the district court considers the *Ruff-Fischer* factors, which include:

The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Quamme v. Quamme*, 2021 ND 208, ¶ 14, 967 N.W.2d 452 (quoting *Orwig v. Orwig*, 2021 ND 33, ¶ 35, 955 N.W.2d 34); *Ruff v. Ruff*, 52 N.W.2d 107 (N.D. 1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966). Although the court is not required to make specific findings on each *Ruff-Fischer* factor, we must be able to determine the reasons for the court's decision. *Quamme*, at ¶ 14.

A

[¶8] Cody Berdahl first argues the district court erred in valuing accounts receivable for Dirty Birds at $100,000, based solely on Joleen Berdahl's testimony.

4

[¶9]   As noted, a district court's valuations of marital property are findings of fact and will not be reversed on appeal unless they are clearly erroneous. *Wald v. Wald*, 2020 ND 174, ¶ 11, 947 N.W.2d 359.  A court's valuations of marital property are not clearly erroneous if they are within the range of evidence presented.  *Id.*  "In a bench trial, the district court determines credibility issues, which we will not second-guess on appeal."  *Id.* at ¶ 27.  The value the court gives to marital property depends on the evidence presented.  *Amsbaugh v. Amsbaugh*, 2004 ND 11, ¶ 12, 673 N.W.2d 601.

[¶10] The district court valued Dirty Birds' accounts receivable at $100,000. Joleen Berdahl testified she served as Dirty Birds' bookkeeper and Dirty Birds' accounts receivable were "well over $100,000" at the time of separation.  Cody Berdahl offered no evidence to rebut Joleen Berdahl's testimony.  In fact, Cody Berdahl testified that, although Dirty Birds had customers owing money, he did not know why those amounts were not listed on the parties' property and debt listings and he did not look for values of the accounts receivable before submitting his property and debt listing.  Cody Berdahl further testified he had no basis to dispute the amount Joleen Berdahl provided.  Because the court's valuation falls within the range of evidence presented, we conclude the court's valuation was not clearly erroneous.

B

[¶11] Cody Berdahl next argues the district court erred by failing to properly consider evidence about Joleen Berdahl's conduct at Dirty Birds and her alcohol abuse.

[¶12] The *Ruff-Fischer* guidelines allow a district court to consider the parties' conduct during marriage, including fault.  *Weigel v. Weigel*, 2015 ND 270, ¶ 22, 871 N.W.2d 810.  The court may properly consider both economic and non-economic fault in dividing marital property.  *Amsbaugh*, 2004 ND 11, ¶ 34. "Economic misconduct is misconduct that results in a wasted asset or in the reduction of the net marital estate."  *Gerving v. Gerving*, 2020 ND 116, ¶ 18, 943 N.W.2d 797.   Further, "uncontrolled drinking contributing to the breakdown of the marriage, even if involving alcoholism, can be considered a matter of fault."  *Amsbaugh*, at ¶ 34.  A determination of economic or non-

economic fault is a finding of fact, subject to the clearly erroneous standard of review. *Gerving*, at ¶ 18.

[¶13] The district court found both parties engaged in activity that affected the parties financially, directly and indirectly. The court found Joleen Berdahl did not gain monetarily from her misconduct related to Dirty Birds' tax filings and there was no evidence Dirty Birds was harmed financially by her actions. Regarding Joleen Berdahl's alcohol abuse, testimony was elicited that both parties drank excessively during the marriage. Joleen Berdahl testified she had recently undergone outpatient treatment and was participating in Alcoholics Anonymous. The court did not make a finding for either party related to alcohol abuse. The evidence presented is such that the court could have reasonably concluded both parties must share responsibility for the failure of the marriage. *See Nastrom v. Nastrom*, 284 N.W.2d 576, 582 (N.D. 1979) (trial court's finding that both parties contributed equally to the breakdown of marriage, based on excessive drinking and heated arguments, was not clearly erroneous). Based on the record, the court's findings on the conduct of each party during the marriage are supported by the evidence and are not clearly erroneous.

C

[¶14] Cody Berdahl argues the district court erred by including property acquired post-separation in the marital estate. Specifically, Cody Berdahl argues the court's decision to "assign monetary value to the parties' after-acquired property" violated N.D.C.C. § 14-05-24(1) (2017). He asserts that, because N.D.C.C. § 14-05-24(1) (2017) provides for valuation as of the date the parties separated, any property acquired post-separation should not be included in the marital estate. Joleen Berdahl argues N.D.C.C. § 14-05-24(1) (2017) is ambiguous.

[¶15] In this case, valuation of the marital estate is governed by N.D.C.C. § 14-05-24(1) (2017), which provided:

> When a divorce is granted, the court shall make an equitable distribution of the property and debts of the parties. Except as

6

may be required by federal law for specific property, and subject to the power of the court to determine a date that is just and equitable, the valuation date for marital property is the date mutually agreed upon between the parties. If the parties do not mutually agree upon a valuation date, the valuation date for marital property is the date of service of a summons in an action for divorce or separation or the date on which the parties last separated, whichever occurs first.

N.D.C.C. § 14-05-24(1) (2017) (amended effective August 1, 2021).

[¶16] A majority of this Court previously held N.D.C.C. § 14-05-24(1) (2017) is unambiguous and "does not provide the district court with discretion when the parties do not agree upon a valuation date." *Messmer v. Messmer*, 2020 ND 62, ¶ 15, 940 N.W.2d 622. The legislative assembly "has provided a definitive process for determining the date to value the marital estate that limits the district court's discretion to accepting or rejecting an agreed upon valuation date," and "[t]he statute does not provide the court with discretion to select its own valuation date." *Id.* at ¶ 19.

[¶17] Here, Cody Berdahl and Joleen Berdahl did not mutually agree on a valuation date for the marital property. The parties separated on August 1, 2019, and the divorce summons was served on November 19, 2019. Therefore, N.D.C.C. § 14-05-24(1) (2017) provided for the valuation of the parties' marital property at the date of separation. The district court explained N.D.C.C. § 14-05-24 (2017) "provides no guidance to the Court as to what to do with additional assets and liabilities accumulated [after separation]—especially when the post separation period is extensive in length." The court included post-separation property in the marital estate, despite annotations in Exhibit A reflecting the division of assets included items that were acquired post-separation. In doing so, the court misapplied the law.

[¶18] The district court did not have discretion to include property acquired after separation in valuing the marital estate. Any assets accumulated post-separation would not be subject to distribution by the court. *See Wald*, 2020 ND 174, ¶ 16 (district court did not clearly err by not including property, as "property acquired after the valuation date would have been obtained with

7

income earned after the valuation date or with proceeds from the sale of assets that were valued as of the valuation date"). The court's inclusion of property acquired after the parties' separation was induced by an erroneous view of the law. Therefore, we reverse the court's distribution of marital property and remand with instructions to assign value only to property that existed at the time of separation and to equitably distribute the property after taking into consideration the correct value of the marital estate.

D

[¶19] Because we have reversed the district court's distribution of marital property, the court will again have to determine an equitable division of that property. However, we may address issues likely to arise again on remand. *Quamme*, 2021 ND 208, ¶ 12.

[¶20] Cody Berdahl argues the district court erred by failing to order Joleen Berdahl to reimburse him for post-separation marital expenses he was required to pay until the marital home was sold, including mortgage payments, insurance, property taxes, and utilities. He contends the court's requirement that he pay post-separation marital expenses is analogous to *Fox v. Fox*, 1999 ND 68, 592 N.W.2d 541. We are not persuaded.

[¶21] In *Fox*, the district court awarded the marital home to the wife and awarded the husband fifty percent of the home's equity in the event the wife ever sold the home. *Id.* at ¶ 3. The court also ordered the husband to pay the mortgage payments, real estate taxes, special assessments, insurance, utilities, and any necessary repairs and maintenance while the wife resided in the home. *Id.* This Court reversed, concluding "a court should try to disentangle the parties' financial affairs to reduce further conflict, litigation, and rancor between them" when distributing marital property. *Id.* at ¶ 17. Because "one of the major reasons for the parties' divorce was disagreement over financial matters," this Court was left with a definite and firm conviction that ordering the husband to continue to pay expenses associated with the marital home was error. *Id.*

[¶22] This case is distinguishable from *Fox*. Here, rather than awarding the marital home to one of the parties and ordering the other party to pay the ongoing expenses indefinitely, the district court ordered the parties to sell the home. The court found the home was already placed on the market for sale. Although Cody Berdahl was ordered to pay post-separation marital expenses related to the home, and Joleen Berdahl was permitted to continue to reside in the home, the home was a marital asset requiring the payment of ongoing expenses until it is sold. The court found Cody Berdahl had significantly greater earnings and earning capacity, an important factor in determining both an equitable property division and spousal support. *See Mellum v. Mellum*, 2000 ND 47, ¶ 19, 607 N.W.2d 580. Cody Berdahl's obligation to pay expenses continues only until the home is sold or Joleen Berdahl vacates the home. Cody Berdahl's spousal support obligation does not begin until the month following the sale of the home.

[¶23] The district court must make an equitable property distribution under N.D.C.C. § 14-05-24(1) (2017). The court found an equal division of the proceeds from the sale of the marital home was equitable. The court further found it was equitable for Cody Berdahl to continue to pay the mortgage, insurance, taxes, and utilities on the home until it was sold, and the home was currently on the market. The court noted that this arrangement would give the parties "plenty of incentive" to sell the marital home. We conclude the court adequately analyzed the *Ruff-Fischer* guidelines on this issue, the evidence supports the court's findings, and we are not left with a definite and firm conviction a mistake was made. However, because we have already reversed the distribution of property, the court may reconsider on remand whether its previous decision on the marital home bears on an equitable distribution of the marital estate.

III

[¶24] Cody Berdahl argues the district court erred when it awarded spousal support to Joleen Berdahl without making adequate findings and in the absence of an evidentiary basis. Cody Berdahl argues there was insufficient

9

evidence of Joleen Berdahl's need for spousal support, and the court solely relied on Cody Berdahl's ability to pay.

[¶25] District courts may award spousal support under N.D.C.C. § 14-05-24.1. When determining whether to award spousal support, "the court must consider the *Ruff-Fischer* guidelines, the needs of the spouse seeking support, and the ability of the other spouse to pay." *Quamme*, 2021 ND 208, ¶ 14 (quoting *Willprecht v. Willprecht*, 2020 ND 77, ¶ 40, 941 N.W.2d 556). The court is not required to provide a "complete calculation of each parties' assets, debts, and expenses," but "a clear description of the financial situation of each party is helpful for this Court in understanding the court's rationale in awarding spousal support." *Id.* "Rehabilitative spousal support is awarded to equalize the burdens of divorce" or to restore a spouse to independent status by providing the spouse "an opportunity to acquire an education, training, work skills, or experience to become self-supporting." *Rhodenbaugh v. Rhodenbaugh*, 2019 ND 109, ¶ 14, 925 N.W.2d 742. Decisions on spousal support are findings of fact reviewed under the clearly erroneous standard of review. *Id.*

[¶26] The district court awarded Joleen Berdahl spousal support in the amount of $1,000 per month for ten years. In its findings, the court stated:

> Considering [Cody Berdahl's] monthly budget and ability to pay, and comparing that with [Joleen Berdahl's] monthly budget, education, needs and earning capacity, . . . the Court deems it fair and equitable to award Joleen [Berdahl] $1,000. The amount is designed to assist her with her financial needs and to rehabilitate her into becoming self-sustaining. Joleen [Berdahl] has the ability to work towards earning a degree moving into the future.

The court found Joleen Berdahl is in need of rehabilitative spousal support. The court found Joleen Berdahl is currently incapable of attaining employment sufficient to meet her needs and is in "uncertain waters" regarding her future. The court heard testimony that Joleen Berdahl has a high school diploma and had completed one semester of college education. Joleen Berdahl testified she had been a bookkeeper for 18 years, and she now worked 35 to 40 hours each week as an aide with the McKenzie County School District earning $17 per

10

hour. Joleen Berdahl testified she planned to enroll at Williston State College to earn a bachelor's degree and improve her career opportunities.

[¶27] The district court awarded spousal support to rehabilitate Joleen Berdahl and provide her with the opportunity to acquire education and training to become self-supporting. We conclude the court's spousal support award is supported by the evidence, and we are not left with a definite and firm conviction a mistake was made. However, "[s]pousal support and property distribution are interrelated and intertwined and must be considered together." *Lizakowski v. Lizakowski*, 2017 ND 91, ¶ 21, 893 N.W.2d 508 (quoting *Krueger v. Krueger*, 2008 ND 90, ¶ 9, 748 N.W.2d 671). Because we reversed and remanded the property division, we also remand the spousal support award, and the district court may reconsider the issue in light of any changes made in the division of property.

IV

[¶28] Finally, Cody Berdahl argues the district court erred when it awarded Joleen Berdahl a $20,000 credit for attorney's fees. He asserts the district court did not follow the proper procedure for awarding attorney's fees under N.D.C.C. § 14-05-23, as Joleen Berdahl did not request attorney's fees and did not present sufficient evidence supporting the amount of attorney's fees.

[¶29] This Court has long held that "[a]bsent statutory or contractual authority, the American Rule assumes parties to a lawsuit bear their own attorney fees." *Twete v. Mullin*, 2019 ND 184, ¶ 45, 931 N.W.2d 198. A district court's decision to award attorney's fees is reviewed for an abuse of discretion. *Id.* A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Id.*

[¶30] A district court has broad discretion to award attorney's fees in a divorce action under N.D.C.C. § 14-05-23. *Orwig*, 2021 ND 33, ¶ 41. The court must make specific findings about the non-moving party's ability to pay and the moving party's need. *Id.* "An award of attorney fees must generally be supported by evidence upon which the court can determine the requested fees are reasonable and legitimate." *Id.* at ¶ 43. A court abuses its discretion by

awarding attorney's fees unsupported by proper documentation upon which the court can determine the reasonableness or legitimacy of the requested fees. *Id.*

[¶31] The district court's order is internally inconsistent. In its conclusions of law, the court stated: "Each party shall be responsible for their own attorney's fees." In Exhibit A, the court included Joleen Berdahl's legal fees in the marital debts, despite noting the debt was incurred post-separation. The district court made no findings regarding either Cody Berdahl's ability to pay attorney's fees or Joleen Berdahl's need for them. The record lacks any supporting documentation of the attorney's fees incurred by either party. The court also did not explain under which statutory authority it awarded Joleen Berdahl attorney's fees.

[¶32] We have previously reversed an award of attorney's fees when we are unable to discern the district court's authority for such an award. *See Datz v. Dosch*, 2014 ND 102, ¶ 26, 846 N.W.2d 724; *see also Twete*, 2019 ND 184, ¶ 48 (reversing award of attorney's fees when this Court was unable to determine the authority the court relied on for its award). On this record, we do not have sufficient information to ascertain whether the attorney's fees were intended to be awarded, or, if intended, whether the fees may be proper under applicable statutory authority. We reverse the court's award of attorney's fees to Joleen Berdahl and remand for further consideration and explanation of the legal basis authorizing the award of attorney's fees.

V

[¶33] The district court's judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

[¶34] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte

12