# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 7

Ashley Marie Askew Quamme,                               Plaintiff and Appellee

v.

Chad Q. Quamme,                                      Defendant and Appellant

### No. 20220197

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Mark J. Pilch, Fargo, ND, for plaintiff and appellee.

Robert J. Schultz, Fargo, ND, for defendant and appellant.

**VandeWalle, Justice.**

[¶1]   Chad Quamme appealed from an amended judgment setting his child support obligation and ordering him to pay spousal support to Ashley Quamme. We conclude the district court failed to properly calculate Chad Quamme's child support obligation and the evidence in the record does not support the court's spousal support decision. We reverse and remand.

I

[¶2]   Ashley Quamme sued Chad Quamme for divorce in 2019. The parties stipulated to all issues except for spousal support and child support obligations. The district court found Chad Quamme was self-employed and ordered him to pay $2,120 per month in child support based on a five-year average of his income. The court also ordered Chad Quamme to pay Ashley Quamme $2,000 per month in spousal support for five years. Judgment was entered.

[¶3]   Chad Quamme appealed. In *Quamme v. Quamme*, 2021 ND 208, ¶ 1, 967 N.W.2d 452 (*Quamme I*), we reversed the child support and spousal support decisions and remanded for the district court to recalculate child support and reassess whether an award of spousal support was warranted. We held the court erred by finding Chad Quamme was self-employed for purposes of calculating his child support obligation. *Id.* at ¶ 10. We also held the court failed to explain its rationale for determining Chad Quamme has an ability to pay spousal support considering the sizable amount of debt he assumed under the distribution of the parties' debts and assets. *Id.* at ¶ 16.

[¶4]   The district court entered an amended order and judgment. The court ordered Chad Quamme to pay child support in the amount of $1,368 per month based on a five-year average of his income. The court also ordered Chad Quamme to pay Ashley Quamme spousal support in the amount of $2,000 per month for five years.

[¶5] Chad Quamme appealed. The amended order and judgment were vacated on appeal. *Quamme v. Quamme*, 2022 ND 124, ¶ 1, 975 N.W.2d 560 (*Quamme II*). We held the district court did not have jurisdiction because we had not issued the mandate in the first appeal when the order and judgment were entered. *Id.*

[¶6] On remand, the district court entered an amended findings of fact, conclusions of law, and order for judgment, ordering Chad Quamme to pay $2,000 per month in spousal support for five years and $1,368 per month in child support. An amended judgment was entered.

II

[¶7] Chad Quamme argues the district court erred in calculating his child support obligation. He claims the court did not explain why it was appropriate to average his income and the court improperly included income from a former employer to calculate his average income.

[¶8] Child support determinations involve questions of law that are reviewed de novo on appeal, findings of fact that are reviewed under the clearly erroneous standard of review, and some matters of discretion that are reviewed under the abuse of discretion standard of review. *Quamme I*, 2021 ND 208, ¶ 5. A finding of fact is clearly erroneous if there is no evidence to support it, it is induced by an erroneous view of the law, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made. *Id.* The court errs as a matter of law if it does not comply with the child support guidelines. *Gerving v. Gerving*, 2022 ND 2, ¶ 9, 969 N.W.2d 184. "The failure to properly apply the child support guidelines to the facts involves an error of law." *Id.* (quoting *Gooss v. Gooss*, 2020 ND 233, ¶ 15, 951 N.W.2d 247).

[¶9] The district court must clearly explain how it arrived at the amount of income and level of child support ordered. *Quamme I*, 2021 ND 208, ¶ 5. A proper finding of net income is essential to determine the amount of support to order. *Id.* at ¶ 6. An obligor's net income is calculated by determining his gross income and subtracting the items listed in the guideline definition of "net income." *Id.*; *see also* N.D. Admin. Code § 75-02-04.1-01(6) (defining net

income). The guideline definition of gross income is very broad and is intended to include any form of payment to an obligor, which is not specifically excluded. *Quamme I*, at ¶ 6; *see also* N.D. Admin. Code § 75-02-04.1-01(4) (defining gross income).

[¶10] The district court averaged Chad Quamme's income over five years and found his average gross annual income is $140,087, his annual net income is $102,312, and he has a monthly net income of $8,526. The court found Chad Quamme's child support obligation is $2,888 per month, the parties have equal residential responsibility, and his child support obligation is $1,368 per month after the parties' child support obligations are offset. The court explained it averaged Chad Quamme's income over five years because his income fluctuated during his employment. The court found the last three years was reflective of his income at Wells Fargo Advisors, but his income while employed at a prior employer, Dougherty & Company, was also important because it showed his potential income and the likely extent of fluctuations since his income has continued to increase for the last three years. The court found his income is likely to return to and fluctuate at an amount similar to when he was employed at Dougherty.

[¶11] We held in *Quamme I*, 2021 ND 208, ¶ 10, that Chad Quamme is not self-employed. Because Chad Quamme is not self-employed, the income averaging for self-employment under N.D. Admin. Code § 75-02-04.1-05 does not apply. Although the district court found Chad Quamme had a change of employment, it did not find that he is underemployed or that he had a voluntary change in employment resulting in a reduction in income, which would allow the court to impute his income based on his earning capacity under N.D. Admin. Code § 75-02-04.1-07.

[¶12] Section 75-02-04.1-02(7), N.D. Admin. Code, states, "Where gross income is subject to fluctuation, regardless of whether the obligor is employed or self-employed, information reflecting and covering a period of time sufficient to reveal the likely extent of fluctuations must be provided." Under this provision, the court may take into consideration fluctuations in an obligor's income. *State ex rel. K.B. v. Bauer*, 2009 ND 45, ¶ 14, 763 N.W.2d 462. The guidelines further

provide, "If circumstances that materially affect the child support obligation have changed in the recent past or are very likely to change in the near future, consideration may be given to the new or likely future circumstances." N.D. Admin. Code § 75-02-04.1-02(8). Under these provisions, the court has some discretion to consider the obligor's financial circumstances and determine an appropriate level of support when prior circumstances are not a reliable indicator of future financial circumstances. *Bauer*, at ¶ 16; *Langwald v. Langwald*, 2016 ND 81, ¶ 16, 878 N.W.2d 71. However, "[a] district court cannot arbitrarily ignore the guidelines simply because it feels the obligor's tax returns do not reasonably reflect the obligor's income without ordering the parties to present more information and making specific findings of fact." *Willprecht v. Willprecht*, 2020 ND 77, ¶ 30, 941 N.W.2d 556 (quoting *Thompson v. Johnson*, 2018 ND 142, ¶ 10, 912 N.W.2d 315).

[¶13] The district court found Chad Quamme's income was $207,110 in 2015; $177,773 in 2016; $99,174 in 2017; $105,320 in 2018; and $111,059 in 2019. The court found Chad Quamme's income fluctuates, his income has increased for the past three years and will likely continue to increase and return to an amount similar to the first two years when he was employed at Dougherty, and therefore it is appropriate to average his income over five years. The court explained its decision, but the evidence does not support the court's finding that Chad Quamme's income fluctuates and is likely to return to an amount similar to that under his prior employment.

[¶14] Evidence in the record established Chad Quamme changed jobs between 2016 and 2017. Chad Quamme testified he was paid 100 percent commission when he worked at Dougherty, he started working for Wells Fargo Advisors in 2017, and he receives a base salary and some commission in his current position at Wells Fargo. Chad Quamme testified he makes about $15,000 per year in commission earnings since he started working for Wells Fargo. He testified his total income for 2019 was $65,617, which included his base pay, a bonus, and his commission. He testified he received approximately $400,000 in up-front bonuses or forgivable loans when he began working at Wells Fargo in 2017, he did not pay taxes on those amounts when they were received, the up-front payments are incorporated into his monthly income to pay the taxes but

4

he does not get paid any additional amounts, and a portion of those loans is forgiven each year. Chad Quamme testified his income for 2020 is comparable to 2019. He testified his income was higher when he worked at Dougherty, but he also had a similar arrangement where some of the income was "not real income." There was no evidence Chad Quamme's income is likely to increase to the same levels he made while at Dougherty.

[¶15] It is also not clear why the district court determined the information about Chad Quamme's current yearly earnings from Wells Fargo is unreliable or not reflective of his current income. He is not self-employed. His income while working at Wells Fargo has increased each year, but it has not fluctuated substantially in the three years he has worked there. The court cannot arbitrarily ignore the child support guidelines. *Entzie v. Entzie*, 2010 ND 194, ¶ 6, 789 N.W.2d 550.

[¶16] The evidence does not support the district court's findings. On this record, we conclude it was improper for the court to average Chad Quamme's income over a five-year period and include income from a prior employer. We reverse the child support decision and remand for the court to properly apply the child support guidelines to calculate Chad Quamme's net income and child support obligation.

### III

[¶17] Chad Quamme argues the district court erred by ordering him to pay spousal support to Ashley Quamme. He claims the spousal support award is in excess of his ability to pay.

[¶18] The district court may award spousal support under N.D.C.C. § 14-05-24.1. "When determining whether to award spousal support, 'the court must consider the *Ruff-Fischer* guidelines, the needs of the spouse seeking support, and the ability of the other spouse to pay.'" *Quamme I*, 2021 ND 208, ¶ 14 (quoting *Willprecht*, 2020 ND 77, ¶ 40). The *Ruff-Fischer* guidelines include:

> The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of

5

each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Quamme I*, at ¶ 14 (quoting *Orwig v. Orwig*, 2021 ND 33, ¶ 35, 955 N.W.2d 34). The district court is not required to provide a detailed calculation of each party's assets, debts, and expenses, but a clear description of each party's financial situation is helpful for this Court in understanding the court's rationale. *Quamme I*, at ¶ 14. The district court's decision on spousal support is a finding of fact, which is reviewed under the clearly erroneous standard of review. *Id.*

[¶19] The district court previously ordered Chad Quamme to pay $2,000 per month in spousal support. We reversed that decision in *Quamme I*, 2021 ND 208, ¶¶ 15-16, explaining the court did not analyze Chad Quamme's ability to pay spousal support or address the sizable amount of debt he assumed compared to his yet to be determined income. We instructed, "On remand, after reconsidering Chad Quamme's child support obligation, the district court must examine Chad Quamme's income, expenses, and debt obligations to determine whether he has the ability to pay spousal support, and if so, the appropriate amount to order." *Id.* at ¶ 16.

[¶20] On remand, the district court considered Chad Quamme's income, monthly expenses, and his debt obligations to determine whether he has the ability to pay spousal support. The court found the monthly income and expense sheet Chad Quamme submitted accounted for all of his monthly expenses and the debt obligations he assumed under the judgment, but the court determined it should exclude four of the debts Chad Quamme listed, explaining:

First, the $2,500-$3,000 in debt payments that Chad is unable to pay are debts for cars and accounts he is no longer obligated to pay. If Chad was obligated, he would have included those payments in the actual accounting. Second, the $500 car payment that Chad testified as being inaccurate. Third, the $400 in business-

6

entertainment/marketing/prospecting expenses being that he is, after all, an employee. It also inaccurately includes $582 as an expected child support payment, which, as noted below, is $1,368.

The court found Chad Quamme's monthly expenses, including child support and debt, are $6,422, and with an additional $2,000 spousal support payment Chad Quamme's total monthly expenses are $8,422. The court found Chad Quamme's five-year average net monthly income is $8,526, which is more than his monthly expenses with the spousal support. The court found Chad Quamme has the ability to pay Ashley Quamme $2,000 per month in spousal support for five years. The court also found Ashley Quamme is in need of spousal support.

[¶21] The district court found Chad Quamme has the ability to pay $2,000 per month in spousal support. However, the evidence does not support the court's findings about the debts and expenses the court excluded in deciding whether Chad Quamme has the ability to pay spousal support.

[¶22] Under the parties' stipulated property distribution, Chad Quamme was allocated more than $870,000 of the parties' debt. Included in that debt are the forgivable loans from Chad Quamme's current employer, Wells Fargo. We previously determined the amounts that are forgiven each year are gross income for child support purposes. *See Quamme I*, 2021 ND 208, ¶ 12. Chad Quamme contends the forgiveness of the debt is taxed as ordinary income and is reflected on his tax returns. The district court determined those loans were gross income. However, even without including those loans in the debt, Chad Quamme still assumed a sizeable amount of debt.

[¶23] Chad Quamme submitted a list of his monthly income and expenses. He testified there is an additional $2,500-3,000 in debt payments noted at the bottom of his expenses list and he is not able to pay that debt at this time. There was no evidence Chad Quamme is not obligated to pay these debts. The court erred by excluding these amounts.

[¶24] Chad Quamme testified the expenses he listed are accurate, but there were months when his mother paid his $500 car payment. He did not testify

7

that the car payment was not accurate and that it should not be included in his monthly expenses. The evidence does not support the district court's finding that the car payment is inaccurate and should not be included to determine whether Chad Quamme has the ability to pay spousal support.

[¶25] Chad Quamme testified that he is not able to meet his monthly needs with his current income and that he does not have any additional income he could provide to Ashley Quamme to help care for her. He testified that the forgivable loans from Wells Fargo were used during the marriage to pay off existing debt, monthly expenses, and for travel with Ashley Quamme, and that none of the money is left. He testified he is unable to secure additional employment due to the way parenting time is structured and he currently works weekends and nights to arrange his work around the children's schedule.

[¶26] Furthermore, the district court averaged Chad Quamme's income over a five-year period and included income from a prior employer to calculate his monthly income. Chad Quamme's earnings from Dougherty were significantly higher than his earnings for the last three years from Wells Fargo. We have already held it was improper to average Chad Quamme's income over five years and include his higher earnings from the previous employer when there is no evidence Chad Quamme's income will increase to those prior levels in the future.

[¶27] When the expenses the district court improperly excluded are added to Chad Quamme's monthly expenses and his current income is considered, his expenses and spousal support obligations exceed his income. The court failed to explain how Chad Quamme can realistically meet his obligations while paying $2,000 per month in spousal support. We have reversed spousal support decisions in other cases when a spousal support obligation was unrealistic. *See Willprecht v. Willprecht*, 2021 ND 17, ¶¶ 17-18, 954 N.W.2d 707 (reversing spousal support award when there was no explanation of how obligor could meet his monthly obligations without selling assets or incurring debt).

8

[¶28] The amount of support awarded is disproportionate to the evidence of Chad Quamme's ability to pay. We reverse the district court's spousal support decision and remand for the court to consider all of Chad Quamme's financial expenses in deciding whether he has the ability to pay spousal support.

IV

[¶29] We have considered the parties' remaining issues and arguments and conclude they are either unnecessary to our decision or are without merit. We note the district court judge who presided over the original proceeding has retired. Because a new judge will decide the issues on remand, the new judge must "make a Rule 63, N.D.R.Civ.P., certification prior to conducting further proceedings or, alternatively, order a new trial." *Iakel-Garcia v. Anderson*, 2021 ND 210, ¶ 15, 966 N.W.2d 892 (quoting *In re Estate of Bartelson*, 2015 ND 147, ¶ 20, 864 N.W.2d 441). We reverse the amended judgment and remand for further proceedings consistent with this opinion.

[¶30] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte